IRWIN Z. SMITH

*v.*

THE CHICAGO, ALTON AND ST. LOUIS R. R. Co.

| 67 | 191 |
| 170 | 517 |
| 67 | 191 |
| 77a | 241 |
| 67 | 191 |
| e206 | 4243 |
| 206 | 5244 |

1. RIGHT OF WAY—*of the notice of the proceedings to condemn—on whom to be served.* Where the Belleville and Illinoistown Railroad Company, whose charter was approved June 21, 1852, in 1854 instituted proceedings to condemn land under its charter, gave notice thereof to a former owner of a life estate therein, but who had previously conveyed his title, and whose deed was duly recorded: *Held,* that the proceedings were invalid for the reason that they were not instituted against the owner.

2. EMINENT DOMAIN—*liability for rightful acts done in the exercise of the right.* Where a railroad corporation, in exercising the right of eminent domain conferred by law upon it, commits an injury to the land of another by entering upon it in order to make preliminary surveys, or by taking materials therefrom, or the like, in pursuance of the powers vested in it, and the law under which such acts are done prescribes a mode for assessing damages for such injuries, an action of tort will not lie therefor, but the statutory remedy must be pursued—such remedy, in general, being exclusive.

---

Syllabus.

---

3. But this is upon the ground that the statute conferring authority has been complied with. In such a case, there can be no injury to the rights of the party, and therefore no action, as for a tort, can arise. As compensation is made for what is legally taken, the party can not complain that a wrong is done, for his property, in such case, is taken according to the law of the land.

4. EJECTMENT—*lies against railroad company for land taken without legal condemnation.* Ejectment will lie against a railway corporation by the owner, for land taken and used by it for the purposes of its road, where the land has not been condemned under proceedings instituted for that purpose, in the mode prescribed by the constitution, and laws enacted in conformity therewith.

5. Where a railway corporation has taken possession of the land of another without his consent and without condemnation, and wrongfully holds the same for the use of its road, the law affords the owner two remedies—an action of ejectment or an action to recover the value of the land taken. He is not driven to proceedings by *mandamus* to compel a condemnation.

6. SAME—*when notice to quit is necessary.* Where the entry of a railway corporation upon land, and its use for the track, etc., of its road, is with the assent of the owner, or is made under proceedings properly instituted for its condemnation, and the consent of the owner can be presumed, though the condemnation money has not been paid, it seems that the corporation will be entitled to notice to quit before ejectment will lie.

7. MANDAMUS—*by owner to compel railway corporation to condemn his land.* It not being the duty of a railroad corporation, after having obtained possession of land for its track, and in the use of it, to institute proceedings to condemn it, *mandamus* is not a proper remedy for the owner to compel the institution of such proceedings.

8. PUBLICATION OF NOTICE—*proof of how made.* The certificate of a publisher of a newspaper, of the publication of a notice required by law to be published, after he has ceased to be the publisher, is not admissible as evidence of the publication. After he ceases to be the publisher, he can only verify the fact by his testimony as a witness. It also seems competent to produce the several numbers of the paper containing such notice, and prove by any competent person the publication of the same.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. GILLESPIE & SMITH, for the appellant

Mr. CHARLES P. WISE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment, in the Madison circuit court, brought by Irwin Z. Smith, against the Chicago, Alton and St. Louis Railroad Company, to recover the possession of a certain tract of land, being part of claim 484, survey 623, situate in the American bottom, near to and opposite St. Louis, and which the defendants were occupying as a part of the track of their railroad.

There were several trials of the issue made up between the parties, the first resulting in a verdict for the plaintiff. A new trial having been awarded the defendants under the statute, a verdict was rendered in their favor on the next trial, which, on motion of the plaintiff, was set aside, and a new trial awarded to him under the statute. This trial resulted in favor of the defendants, and judgment entered against the plaintiff for costs. To reverse this judgment the plaintiff brings the record here, and assigns several errors.

No question is made, on the argument, of the sufficiency of plaintiff's title to the land in controversy. He deduces his title by unquestioned conveyances from the United States, but the defendants take the ground that the possession of the railroad company can not be attacked in the action of ejectment. This is the broad ground assumed in the defense.

It is also insisted by the defendants that they are in possession of the land by a regular condemnation of the same, under the statute, for the use of their railroad. No question is made that defendants are a railroad corporation, with power to condemn or otherwise acquire land for their purposes; nor is it questioned that they might legally occupy the land by lease or other authority from any other railroad company having acquired authority from the owner, or by proof of condemnation. The plaintiff takes the ground that the land has never been condemned by any railroad company, nor a right to it obtained from any person competent to grant it.

13—67TH ILL.

It appears the defendants claim whatever rights they may have in the land in controversy, in virtue of certain proceedings instituted by the Belleville and Illinoistown Railroad Company, a corporation created by the act of the general assembly of this State, approved June 21, 1852.

It appears, from the record, that this corporation did, in 1854, institute proceedings to condemn this land, the notice being given to Matthew Kerr as the then supposed owner, when he was not such owner, he having conveyed his title in 1852, the deed of which was on record in the proper county in December of that year. The question of condemnation is therefore removed from the controversy.

It is insisted by appellees, very strenuously, that the railroad company, being in the actual possession of the land on which they have constructed a track, and are running cars upon it for the public convenience, are not subject to an action of ejectment. The proposition is, when the general assembly, in conferring the right of eminent domain for works of public use, authorize an act or a series of acts to be done, the natural consequence of which will be injurious to third persons, and prescribe a mode for assessing damages for those injuries, an action of tort will not lie at common law, but the statutory remedy must be pursued. Numerous authorities, English and American, are cited in support of the proposition.

We have no disposition to controvert these authorities, and concede, if a statute has given a remedy to land owners for injuries sustained by taking land for railway purposes, such remedy is, in general, exclusive, and not cumulative merely. But we fail to see the application of this principle to the case before us. This is not an action for injury to the land of the plaintiff by entering upon it for a fleeting or temporary purpose in order to make preliminary surveys, and such like purposes. In such cases, we think, under the authorities cited, the remedy provided by statute, if one was provided, must be pursued. We agree with Justice PARKER, in *Stearns*

v. *Middlesex Canal Co.* 16 Mass. 466, that, when railroad corporations act lawfully under their charters, they will not subject themselves to an action for an injury, but, so far as they can not lawfully act, they ought to refrain from acting ; that, whenever lawful authority. is given to take property for public use, the act is justifiable.

This is upon the ground that the statute conferring authority has been complied with. In such case, there can be no injury to the rights of the party, and therefore no action, as for a tort, can accrue. As the learned judge says, recompense is made for what is legally taken, and the party can not complain that a wrong is done, for his property is taken according to the laws of the land. Unfortunately for appellees, they have not legally taken appellant's land. The power to do so has not been exercised by the company. No proceedings were ever commenced against the owner to justify the entry upon his land, building a railroad upon it, and using it for such purpose. We are at a loss to understand why ejectment will not lie in such case, unless it is conceded such corporations have rights and immunities not accorded to the individual man. That they can enter upon, and take and keep possession of the land of another, on which their chartered powers have not been exercised, with impunity, is inconceivable to us, and can not be admitted. Such a claim strikes fatally at the foundation of property rights, leaving them valueless. Doing this under the pretense that these corporations are *quasi* public institutions, gives no additional force to the pretension, for the State itself can not, dare not, take possession of the property of the citizen and subject it to their own public uses and wants, unless it be in the exercise of the power of eminent domain, and in the mode prescribed by the constitution, and laws enacted in conformity therewith.

It is contended by the appellees that the rightful remedy in this case is by *mandamus,* to compel the corporation to condemn the land. They urge, in effect, that the owner of the

196   SMITH *v.* C. A. & ST. L. R. R. Co.   [Jan. T.

Opinion of the Court.

land must take the initiative, when, by the statute, the corporation must, in such cases, be the actor; the owner having no duty to perform, he is passive. It is not denied that *mandamus* will lie to compel railroad corporations to perform a duty enjoined upon them by statute, but it can hardly be said this is one of them. It is not the duty of a railroad corporation, after having obtained possession of land for their track, and are using it for their purposes, to institute proceedings to condemn the land. It was their right, and their duty in the first instance, before constructing their road, to institute the proper proceedings. They were required, and were bound to take the initiative. No burden is thrown upon the owner of the land by the law. Whilst *mandamus* is the proper remedy in many cases against such a corporation, this is not one of them. Here, the corporation has, without authority of law, taken possession of appellant's land, and the question is, shall they be allowed to rob appellant at defiance and compel him to institute proceedings by which he is to be deprived of his land? Two remedies, it seems to us, were open to appellant—this action of ejectment, or an action to recover the value of the land taken. He has resorted to the first, and we have been unable to see why he should not recover.

Many cases are found in the books, both English and American, where the action has been maintained; but it is only necessary to cite one in this court, *C. B. and Q. R. R. Co.* v. *The President and Trustees of Knox College*, 34 Ill. 195, which was argued by able counsel, no one of whom suggested that the action of ejectment would not lie. In that case, it was shown the company had permission to enter upon the land to construct their road, and their possession was long continued. The company was not, therefore, a wrong-doer, and was entitled to notice to quit before action brought. It is nowhere intimated in the case that the action of ejectment is not the proper remedy by the owner of the land to recover the possession of it.

It is urged by appellees, in this case, that they were entitled to notice to quit before action brought. Had they entered upon the land with the assent of the owner, or under proceedings properly instituted for the condemnation of the land, and the assent of the owner could be procured though the condemnation money was not paid, there would be grounds for claiming a right to notice before action. It is said there was a condemnation of the interest of Matthew Kerr in the land. Proof may be made of that fact on another trial, but as the record now stands, it does not so appear.

The certificate of the publisher of the paper in which the notice is alleged to have been published, made years after he had ceased to be the publisher, was wholly inadmissible in evidence, and that being the foundation of the proceeding, removing it destroys the fabric based upon it. The law, when making the certificate of the publisher of a newspaper evidence of the publication of a notice required by law to be published in a newspaper, evidently contemplates the publisher of a current newspaper. When he ceases to be such before he has given a certificate of the fact, his statement of the fact must be verified by his oath—he must be sworn as a witness to the fact. It would, doubtless, have been competent to have produced the several numbers of the paper containing the notice, and proved by any competent person the publication. We can not perceive any ground on which to support condemnation proceedings, even as against Matthew Kerr, who had a life estate in the land. He died in 1857. If it appeared by this record that the corporation had proceeded legally against his interest, and entered and constructed their road with knowledge of the owners of the reversion, and occupied and used the same without objection from them, we would be inclined to hold, the entry being legal as to the life estate, and no objection being made by the reversioners, that appellees would have been entitled to notice to quit before action brought. The record shows that appellant, who surrendered to the reversion,

Opinion of the Court.

importuned this corporation, time and again, for compensation for the land they occupied, and could obtain no satisfaction. They asked for delay, holding out hope of a satisfactory adjustment, until it was dissipated by a letter from the attorney of the railroad company, in which an action at law, by appellant, was anticipated, if not invited. Every reasonable indulgence has been extended to appellees, and no obstacle interposed to enable them to acquire title to the land, but they have declined making any effort whatever to that end. What equities they may have in the case, can not avail in this action. Appellant has an undoubted right to be put in possession of his own, and as the entry by appellees was tortious as to him, they were not entitled to a formal notice to quit.

Viewed in every light in which we are able to regard this case, we are clearly of opinion, upon the facts as they now appear, that the appellant was entitled to the favorable judgment of the court below. That court entertaining a different opinion, the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed.*\*

*IRWIN Z. SMITH *v.* THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY.

This case is like the next preceding one.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case is identical in its principal features with the next preceding case, and must be decided in the same way.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*