THOMAS GLENNON *et al.*

*v.*

CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY CO.

CONDEMNATION BY RAILROAD COMPANY—*construction of award of commissioners to assess damages.* In a proceeding by a railroad company to condemn real estate, commissioners, after assessing the value of the real estate, and of the improvements thereon, further awarded that, if the improvements should be retained by the owner for three months, then no damage will have accrued to them by reason of the interruption of their business, and if they should retain the possession two months, then the

damage for interruption was fixed at $1600; and if they should retain the possession one month, then the damages were fixed at $3200: *Held*, that it rested with the railroad company when to take possession, and that if it took possession inside of three months, it would have to pay the damages named, but that the owners could not force them to take possession at any time they might select, and then recover the damages provided by the award to be paid upon their having to give up possession at that time; and if the railroad company did not take possession inside of the three months, they were not liable for damages.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. E. & A. VAN BUREN, for the appellants.

Mr. E. WALKER, for the appellee

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was debt, in the circuit court of Cook county, tried by the court without a jury, resulting in a judgment for the defendants.

The origin of the controversy was a petition filed by appellees, the Chicago, Milwaukee and St. Paul Railway Company, to condemn certain real estate of appellants for the use of their railway, and such proceedings were had that commissioners were appointed to assess the damages.

The commissioners made their report, which seems to have been satisfactory to both parties, and it was confirmed by the court.

Appellants were the owners and occupiers of the premises as the National Boiler Works Company of Chicago, and doing business thereon as such.

The commissioners assessed the value of the real estate at fifteen thousand dollars, and the value of the improvements thereon at thirty-five hundred dollars, and further awarded as follows:

" And if the said improvements shall be retained by the said owners for a period of three (3) months, then we find that no

damage has accrued to them (the said owners) by reason of the interruption of their said business; and if the said owners shall retain the possession for two (2) months, then we fix the damage of interruption at sixteen hundred dollars ($1600); and if the said owners shall retain the possession one (1) month, then we fix the damages at thirty-two hundred dollars ($3200); and for the removal of their tools and implements necessary to carry on their business, we fix the damages at two hundred dollars ($200)."

It is upon this portion of the award the controversy arises. Appellants claim, as they offered to surrender the possession of the premises within one month after the award, tendering the key for that purpose, they were entitled to claim thirty-two hundred dollars of appellees.

It is evident, from the wording of the award, that the commissioners had in view some compensation to the occupiers of the property consequent upon an interruption of their business. If that was not interrupted, they were not entitled to damages. The removal was effected in one day, and no appreciable damage resulted from such an interruption.

Appellants contend, the very moment they offered the possession of the premises to appellees, if on the very day of the confirmation of the report, they would be entitled to claim the thirty-two hundred dollars, as damages; that they themselves could bring on the crisis which should entitle them to that amount.

We think the more rational construction of the award, is that given by the circuit court, that it rested with appellees when to take possession. If they took possession, to the interruption of appellants' business, inside of three months, they were to pay the stipulated damages. Appellants could not force appellees to take possession at any time they might select.

We are of opinion appellees were not liable to damages, as they did not take possession before the expiration of three months, and affirm the judgment of the circuit court.

*Judgment affirmed.*