## NATHAN CORWITH

### V.

## VILLAGE OF HYDE PARK.

1. JUDGMENT IN CONDEMNATION PROCEEDING.—The ordinary judgment in proceedings to condemn private property for public use, is but conditional, and not absolute, where the property has been neither actually taken or damaged by the party so seeking to condemn, and such party may, within a reasonable time, abandon the proceedings. But if such party shall, without payment or tender of the compensation awarded and without the consent of the owner, appropriate the property by taking possession, then such owner may have his action of ejectment to recover the possession or trespass for damages, or he might bring case or perhaps waive the tort and maintain debt for the amount awarded.

2. WHEN JUDGMENT BECOMES ABSOLUTE.—When the proceedings have progressed to judgment and the party seeking to condemn has taken possession of the property with the consent of the owner, the judgment becomes absolute, will bear interest, as in cases of ordinary judgments in common law actions, and if the condemning party be not a municipal corporation, against which an execution can in no case issue, execution may be awarded upon it, because such taking possession *ipso facto* gives the owner a vested right in the compensation.

3. REMEDY.—The special remedy is exclusive as to both parties where each may resort to it. If either may be the actor, neither can complain that the other did not first proceed under it. The owner can not, therefore, maintain an action at common law, where he fails to resort to the remedy provided for him by the statute. But if the other party alone has the power, or is under special obligation to carry it into effect, and is in default for not having done so within a reasonable time, the injured owner is not deprived of his remedy by action.

4. ACTION OF DEBT—JUDGMENT IN CONDEMNATION PROCEEDING.— An action of debt brought by appellant against appellee, a village, based upon a judgment rendered in December, 1873, in favor of the former against the latter, in a proceeding upon the petition of the village, under an ordinance ordering the opening of a certain street and the condemnation of land for that purpose, a portion of which was appellant's, the ordinance providing that the expense of said improvement be paid wholly by means of a special assessment. The third count in the declaration set out the ordinance, the condemnation proceedings thereunder and said judgment, alleged the taking possession, with the consent of the owner, after said judgment, and the refusal of appellee, after demand, to pay the same, and the neglect and refusal, at all times, to raise the amount by any of the means provided by the charter of said village, and the abandonment of all efforts to do so. A demurrer was sustained to this count. *Held*, that the count in question con-

tains sufficient to constitute a legal liability on the part of appellee to appellant for the amount of said judgment and interest, and that such liability being for a sum certain, the action of debt may be maintained upon it.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed April 24, 1884.

This action was *debt*, brought by the appellant, Corwith, against the appellee, the village of Hyde Park, and based upon a judgment rendered in the superior court Dec. 29, 1873, in favor of the former against the latter, for the sum of $1,017.45, in a proceeding upon the petition of said village of Hyde Park, theretofore filed in said court, under an ordinance ordering the opening of a certain public street in said village, and the condemnation of land for that purpose, a portion of which being land of the plaintiff; such ordinance providing that the expense of said improvement be paid wholly by means of a special assessment.

The declaration contains three counts, the third of which sets out said ordinance, the condemnation proceedings on the part of the village thereunder, and said judgment; it alleges that, at the time, the plaintiff was the owner in fee of a portion of the land sought to be condemned, describing it, for the taking of which the amount of said judgment was awarded as compensation; that upon said judgment being rendered, the defendant, with the consent of the plaintiff as such owner, took possession of plaintiff's said land for said purpose, and has ever since retained and used the same as a portion of said public street; and that, although the plaintiff, after such taking, demanded payment of said judgment by said defendant, the latter not only neglected and refused to pay the same, or any part thereof, but neglected and refused, at all times, to raise the amount necessary to pay the same by any of the means provided by the charter of said village, and abandoned all efforts to do so, by means whereof a cause of action hath accrued to the plaintiff to demand and have payment of the said judgment and interest thereon, etc. The defendant de-

Corwith v. Village of Hyde Park.

murred generally to the whole declaration, which the court sustained and gave judgment for defendant, from which plaintiff prosecutes this appeal.

Mr. Consider H. Willett, for appellant; as to condemnation judgments, cited Chicago v. Barbian, 80 Ill. 482; Hyde Park v. Dunham, 85 Ill. 569; Chicago. v. Shepard, 8 Bradwell, 602; Beveridge v. Com'rs, 100 Ill. 75; Beveridge v. Com'rs, 7 Bradwell, 460; Bloomington v. Miller, 84 Ill. 621; St. L. & S. E. R. R. Co. v. Teters, 68 Ill. 144.

As to when the action of debt may be maintained: Manning v. Pierce, 2 Scam. 4; Sutherland v. Phelps, 22 Ill. 92; Fitzsimmons v. Hall, 84 Ill. 538; Greathouse v. Smith, 3 Scam. 541; Byrne v. Etna Ins. Co., 56 Ill. 32; Jacksonville v. Black, 36 Ill. 507; La Salle Co. v. Simmons, 5 Gilm. 513; Bigelow v. Cambridge, etc., Co., 7 Mass. 201; Moble v. Richardson, 1 S. & R. (Ala.) 12.

Mr. A. W. Green, for appellee.

McAllister, P. J.   We regard the doctrine as fully settled in this State, that the ordinary judgment in proceedings to condemn private property for public use, is but conditional and not absolute, where the property has been neither actually taken or damaged by the party so seeking to condemn, and such party may, within a reasonable time, abandon the proceedings.   While, on the other hand, if such party shall, without payment or tender of the compensation awarded, and without the consent of the owner, appropriate the property by taking possession, then such owner may have his action of ejectment to recover the possession, or trespass for the damages, which might be the value of the property: Smith v. Railroad Co., 67 Ill. 191; or he might bring case, or perhaps, waive the tort, and maintain debt for the amount awarded.   But when the proceedings to condemn have progressed to judgment, and the party seeking to condemn has taken possession of the property with the consent of the owner, then the judgment becomes absolute, will bear interest, as in cases of ordinary judgments in common law actions,

and, if the condemning party be not a municipal corporation against which an execution can in no case issue, execution may be awarded upon it; because such taking possession, *ipso facto*, gives the owner a vested right in the compensation. St. Louis & S. E. R. R. Co. v. Teters, 68 Ill. 144; City of Chicago v. Barbian, 80 Ill. 482; South Park Com'rs v. Dunlevy, 91 Ill. 49; Beveridge v. West Chicago Com'rs, 100 Ill. 75.

It is a general rule applicable to such cases, that if the amount of compensation is ascertained, but the statute provides for no means of enforcing the payment, the common law action of debt will lie.    Bigelow v. Cambridge Turnpike Co., 7 Mass. 202; Lebanon v. Olcott, 1 N. H. 339; Battler v. Braintree, 14 Vermont, 348.

But it was urged by appellee's counsel that here the statute did provide for the means of enforcing payment, because the village of Hyde Park is incorporated under the general incorporation act of 1872, for cities and villages, and under Art. 9 of that act, the village was required to provide in the ordinance for the improvement, whether it should be made by special assessment or by special taxation of contiguous property, or general taxation, or both: R. S. 1874, p. 232; that the ordinance here prescribing that it should be by special assessment, that remedy was exclusive.    In City of Chicago v. Shepard, 8 Bradwell, 610, we held that it was the established rule that such remedy was exclusive, and amounted to an implied prohibition of any other, so long as that prescribed was adhered to.

But an examination of the statute shows that the power to carry that remedy into effect and the duty of doing so is confided to, and imposed upon, the trustees of the village, the property owner having no power or duty in the premises. It was said in argument, that the appellant could have enforced the performance of such duty by mandamus.    It is averred in the declaration, that it was the duty of the village to proceed and collect the moneys, but that it neglected and refused so to do; so that a violation of legal duty is not only admitted by the demurrer, but urged as an answer to the action.

In Beveridge v. West Park Com'rs, *supra*, the court said: "But it is said, plaintiff in error could have resorted to mandamus to compel payment. This is an admission that the commissioners were neglecting a plain legal duty, as that writ lies to enforce no other. Can plaintiff in error be answered by saying we were acting in palpable violation of our duty, but we are not liable to make compensation for the wrong, because you did not resort to legal proceedings to compel us to discharge a plain duty? Surely that can be no answer to the claim of plaintiff in error."

Suppose it be conceded, for the sake of the argument, that the legal effect of the village taking possession of appellant's property, with his consent, was not to give the latter a vested right in the compensation, and make it immediately due and payable, but it was to make it due and payable only after a reasonable time, on the part of the village, to raise the amount by means of a special assessment; would not the law, in such case, imply a duty or undertaking, on the part of the village, to use due diligence to collect the means in such manner? Most clearly it would. If that be so, then must it not follow according to the analogies of the law in other cases, that, if the village neglected to use such diligence, and failed to collect the assessments for that reason, then its liability to pay the judgment would become absolute? In City of Chicago v. The People, ex rel., 56 Ill. 333, the city had entered into an express contract to pay for a public improvement when certain special assessments were collected, and the rule was announced that "if a person promise to pay a sum of money, *when* he shall collect his demands of another, then if it appear that he had no demands, or if he have and fail to use diligence to collect them, in either case the promise may be enforced as absolute."

In Pierce on Railroads, Ed. of 1881, p. 178, we find this statement of the law, which is supported by numerous cases in the notes: "The special remedy is exclusive as to both parties where each may resort to it. If either may be the actor, neither can complain that the other did not first proceed under it. The owner can not, therefore, maintain an

action at common law, where he fails to resort to the remedy provided for him by the statute. But if the company alone has the power, or is under a special obligation to carry it into effect, and is in default for not having done so within a reasonable time, the injured owner is not deprived of his remedy by action."

We are of opinion that the third count of the declaration contains sufficient to constitute a legal liability, on the part of the defendant, to the plaintiff below, for the amount of said judgment and interest, and that such legal liability being for a sum certain, the action of debt may be maintained upon it. 1 Chit. Pl. 14th Am. Ed. 108; Blanchard v. Maysville, etc., Turnpike Co., 1 Dana, 86.

The judgment of the court below will therefore be reversed and the cause remanded, with directions to the court below to sustain the demurrer to the first and second counts, and overrule it to the third count of the declaration.

Judgment reversed.