## City of Chicago v. Ambrose D. Hayward.

1. CONDEMNATION.—*When the Proceedings May be Abandoned—Assumpsit Will Lie for the Judgment.*—Before taking possession of lands condemned for public use, a city may abandon the condemnation proceedings. But after it has taken possession of the land, with the consent of the owner, it becomes liable to pay the judgment, and an action of assumpsit may properly be brought for the same.

**Assumpsit.**—On a judgment in condemnation proceedings. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

WILLIAM G. BEALE, corporation counsel, and BYRON BOYDEN, attorneys for appellant, contended that under the law, the facts do not sustain the action. No vested right to the condemnation award accrues until the condemning party has a vested right to the property.

A condemnation proceeding under the city and village act of 1872, can not furnish ground for an action of assumpsit. as the jury verdict only settles the value of real estate which

City of Chicago v. Hayward.

the party condemning may wish to appropriate. It does not decide who owns the land. The judgment gives no one the right to any money, but at most gives the party condemning the right to the land on condition that he first pays for the same. Starr & Cur. Stat., Chap. 24, Art. 9; Chicago v. Barbian, 80 Ill. 482; Chicago v. Shepard, 8 Brad. 602; St. Louis & S. E. Ry. Co. v. Teters, 68 Ill. 144.

The law provides three remedies in cases where property condemned has been taken before the award has been paid, viz.: ejectment, trespass, and under Starr & Cur. Stat., Chap. 24, Art. 9, Par. 169, as amended. St. Louis & W. R. R. Co. v. Gates, 120 Ill. 90; Chicago & I. R. R. Co. v. Hopkins, 90 Ill. 316; Starr & Cur. Stat., Chap. 24, Art. 9, Par. 169.

Assumpsit is not a concurrent remedy with the above remedies and can not be maintained on a judgment in a condemnation proceeding.

The ordinance authorizing the improvement provided that the cost should be raised by special assessment, and the effect of a judgment in this case would be to compel the payment for land taken out of funds raised by general taxation. People v. Village of Hyde Park, 117 Ill. 462.

Consider H. Willett, attorney for appellee, contended that a condemnation judgment, being absolute, becomes a vested right of the property owner, and if a city refuses to procure a special assessment to pay for it, assumpsit may be maintained upon it. Wheeler v. Chicago, 24 Ill. 105; Chicago v. Wheeler, 25 Ill. 478; Chicago v. Palmer, 93 Ill. 125; Bloomington v. Brokaw, 77 Ill. 194; U. S. v. Great Falls Mfg. Co., 112 U. S. 645; Randolph on Eminent Domain, Sec. 377; Stafford v. Albany, 6 Johns. 1; 7 Johns. 541; Battles v. Town of Braintree, 14 Vt. 348.

Where special assessment proceedings are pending to pay for property taken, if a reasonable time has elapsed in which to collect it, yet the city fails to do so, an action will lie. Wheeler v. Chicago, 24 Ill. 105; Chicago v. Wheeler, 25 Ill. 478; Com. Nat. Bk. v. Portland, 24 Or. 188; Reilly v. Albany, 112 N. Y. 30; McCormack v. Brooklyn, 108 N. Y. 49; Sage v. Brooklyn, 89 N. Y. 189.

A condemnation judgment draws interest after the condemning party takes possession of the land and uses it for the purpose for which it was condemned. Cook v. South Park Commissioners, 61 Ill. 115; Phillips v. South Park Commissioners, 119 Ill. 626; R. R. v. McClintock, 68 Ill. 296; Chicago v. Wheeler, 25 Ill. 478.

The grading and paving of the land which the city declared by ordinance to be a public street, and the acquiescence of the owner of such land, are acts which make such land a public highway. Marsey v. Taylor, 19 Ill. 634; Rees v. Chicago, 38 Ill. 322; Smith v. Town of Flora, 64 Ill. 93; Davidson v. Reed, 111 Ill. 167.

A condemnation judgment becomes absolute when possession is taken and the property is used for the purpose for which it was condemned. Chicago v. Barbian, 80 Ill. 482.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The question here presented is as to the right or claim against the city, of an owner of property, to condemn whose land, proceedings instituted by the city have gone to a judgment of condemnation, in which the value of his interest was fixed; the city having, after judgment, not only taken possession of and paved such property, but repealed the ordinance under which the proceedings were instituted, and thus abandoned all effort to collect, from property specially benefited, the amount awarded in the condemnation proceeding.

While it is true that before taking possession the city may abandon the proceedings (C. & N. W. Ry. Co. v. Chicago, 148 Ill. 141; St. L. v. S. E. Ry. Co., 68 Ill. 144; Bloomington v. Miller, 84 Ill. 64; Glennon v. C. M. & St. P. Ry. Co., 79 Ill. 501), the case at bar is not of such a nature.

We are of the opinion that by taking possession as it did, the owner assenting thereto, the city became liable to pay the judgment, and that an action of assumpsit was properly brought therefor. Chicago v. Barbian, 80 Ill. 482; Clayburgh v. Chicago, 25 Ill. 535; Corwith v. Village of Hyde Park, 14 Ill. App. 635.

It is urged by appellant that the remedy of appellee, if any he has, is by way of mandamus to compel the city to levy and collect a special assessment to pay for the land taken. That is, the property owner whose land has been taken away from him is to assume that private property was, by the improvement, specially benefited to the extent of the damage awarded to him.

Why should the property owner be compelled to base an act upon an assumption which may have no foundation in fact?

The inference, presented by the dismissal of the assessment proceeding, is that the city had concluded that it would be unavailing.

It is also urged that the statute provides for a summary remedy in the condemnation proceeding. If this be so, we do not think that thereby the remedy by action of assumpsit is taken away.

The judgment of the Circuit Court is affirmed.