## City of Evanston v. Alexander Clark.

1. ESTOPPEL—*To Deny Ownership of Land in Condemnation Proceedings.*—Where a municipal corporation recognizes a person as owner of the premises prior to condemnation proceedings, by negotiating with him for the purchase of the premises for a street, and in the petition for

condemnation, and also in the verdict of the jury, such person is named as owner, it is an admission by the municipality that he is the owner.

2.  Same—*To Claim a Dedication.*—Where the premises sought to be condemned, was in use by the public as a highway, and the municipality so recognized it, and by its action treated it as a highway by the institution of and prosecution to judgment of the condemnation proceedings, it is estopped to claim a dedication, or title by prescription.

3.  Condemnation Proceedings—*Abandonment.*—While a municipal corporation may, after judgment in condemnation proceedings, abandon the improvement, such abandonment must be in good faith.

4.  Same—*When the Proceedings Can Not be Abandoned.*—A municipal corporation can not, under the pretense of abandonment, repeal the ordinance ordering an improvement, and then take possession of the premises condemned and use it for the purpose contemplated by the repealed ordinance and the condemnation proceedings, and thus defeat the right of the property owner as adjudicated in the condemnation proceedings.

5.  Assumpsit—*Lies for Damages in Condemnation Proceedings.*—Assumpsit may be maintained for the negligent failure of a municipality to collect and pay to the owner of condemned property the damages awarded to him.

6.  Interest—*In Condemnation Proceedings.*—The owner of lands taken by a municipality by condemnation proceedings is entitled to interest from the time the municipality takes possession of the premises at the rate of five per cent on the amount of compensation allowed.

**Trespass,** *quare clausum fregit.* Trial in the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1897. Affirmed on remittitur, as ordered by the court. Opinion filed June 13, 1898.

Geo. S. Baker, attorney for appellant.

Alexander Clark, attorney *pro se*, contended that in order to establish title by prescription, or by dedication by estoppel, it is necessary that the possession should be hostile in its inception, actual, visible, notorious and exclusive, continuous, and made under claim or color of title, and such adverse possession can not be made out by inference or implication, for the presumption of title is in favor of the true owner, and the proof to establish it must be strict, clear, positive and unequivocal. Zirngibl v. Calumet Dock Co., 157 Ill. 447; Warren v. Town of Jacksonville, 15 Id. 241;

Gentleman v. Soule, 32 Id. 272; Kyle v. Town of Logan, 87 Id. 64; Chicago v. Johnson, 98 Id. 618; Herhold v. Chicago, 108 Id. 467; Chicago v. Stinson, 124 Id. 510; Dexter et al. v. Tree et al., 117 Id. 532; City of Ottawa v. Yentzer, 160 Id. 509.

Carrying the condemnation proceedings to judgment estops the city from claiming an easement in the property condemned, and that the condemnation proceedings were not necessary. Town v. Templeton, 71 Ill. 68; Newman et al. v. Chicago, 153 Id. 469; McChesney v. Chicago, 161 Id. 112; I. C. Ry. Co. v. City of Champaign, 163 Id. 524.

Although a city has a right to abandon condemnation proceedings before possession taken, yet the abandonment must be in good faith, and the taking of the property condemned for street purposes must be forsaken. C., R. I. & P. Ry. Co. v. Chicago, 143 Ill. 642; McChesney v. Same, 161 Id. 112; I. C. Ry. Co. v. City of Champaign, 163 Id. 524.

A judgment is a specialty of record and comes under the head of contracts, and like a contract the judgment of condemnation is a unit, and like a contract it can not be rescinded at the election of one party; and if the city of Evanston dismissed the condemnation proceedings and afterward took possession of part of the property condemned and used it for the purposes for which it was condemned, this would make the judgment final as to the whole award, and the owner would have a right to sue for the same. Lovingston v. Short, 77 Ill. 588.

A city has no right to lay out its roadway in such a manner as to deprive one side of the street of sidewalk space, and its intention to do so will not be presumed, but must appear by the clearest proof; and such action on its part would be without authority and void. Carter v. Chicago, 57 Ill. 283.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment against appellant and in favor of appellee for the sum of $4,696.25. The declara-

tion consists of two counts; the first is trespass *quare claus- um fregit*, and the second is in case and sets forth in substance the passage of an ordinance by the village of South Evanston for the widening of Custer avenue in said village, condemnation proceedings for that purpose, the condemnation of certain premises of the appellee, a verdict and judgment awarding compensation therefor, the confirmation of an assessment to pay the cost of the improvement, the annexation of the village of South Evanston to the city of Evanston, the taking possession of the condemned premises by appellant, and neglect of duty on the part of appellant to collect the assessment, or pay to appellee the amount awarded to him as compensation, etc.

Appellant pleaded the general issue and specially that the ordinance ordering the improvement had been repealed, and the condemnation proceedings dismissed; that appellant had been in possession of the premises more than twenty years, and that the action was barred by the statute of limitations.

The village of South Evanston, by its board of trustees, passed an ordinance July 13, 1891, for the widening of Custer avenue, formerly First street, as alleged in the declaration, and November 27, 1891, the village filed a petition in the County Court, describing the property to be condemned for the proposed improvement, and praying that the just compensation to be paid therefor should be ascertained by a jury. The appellee is named in the petition as the owner of the lands herein described and sought to be condemned. Such proceedings were had in the matter of the petition that December 16, 1891, the jury returned a verdict fixing the total compensation to be paid for the premises at the sum of $4,075; January 5, 1892, the court, on motion of the village, by its attorney, entered judgment on the verdict, the judgment being in the usual form in such cases. January 11, 1892, the village filed in the County Court a supplemental petition setting forth the former proceedings, and praying the court to cause an assessment to be made to pay the compensation awarded, as above stated,

and costs; that the costs should be ascertained and commissioners to make the assessment appointed, etc. The court, on the same day, appointed commissioners to make the assessment. The commissioners made an assessment and filed the assessment roll in court, and February 5, 1892, an order was entered, on motion of the village attorney, that all persons objecting to confirmation of the assessment should file their objections on or before February 10th then next. February 10, 1892, on motion of the village attorney, judgment by default was entered, and the assessment confirmed as to all premises in respect to which no objection had been filed. The only premises in respect to which objections were filed is described as "A strip of land almost 125 feet, including certain laid off lots extending on each side of the C. & N. W. Ry. tracks, and embracing the same, lying between south line of Lincoln avenue and west line of Madison street in section 19, 44, 14."

This piece of property is described in the assessment roll as being a part of the right of way of the C. & N. W. Ry., and is assessed $1,950. The assessment against that portion of the premises claimed by appellee which was not condemned is $1,308. The total of all assessments is $4,486.70.

The village of South Evanston, prior to November 8, 1893, was annexed to and became a part of the city of Evanston and, at the last date, the city of Evanston passed an ordinance purporting to repeal the ordinance of November 16, 1891, ordering the widening of Custer avenue. November 23, 1893, the County Court, on motion of the city attorney, entered an order dismissing the proceedings for widening Custer avenue.

July 24, 1894, the city passed an ordinance for the paving of Custer avenue, which required the paving of a strip of the condemned premises of appellee fifteen feet in width and about 278 feet in length, and in the spring or early summer of 1895 the city paved said strip. The foregoing facts are uncontroverted.

Appellant's counsel claim that appellee has failed to prove title to the premises in question. A link in the chain of

title proved by appellee was a deed from one James F. Keeney to Joseph B. Leake, the latter being appellee's immediate grantor.  Appellant called Leake as a witness, who testified that he did not remember that the deed to him from Keeney was ever delivered to him, but the same witness, while admitting that the deed from himself to appellee was his deed, said he had no recollection of executing it.  Leake, by executing a warranty deed to appellee, affirmed, as we think, the execution of the Keeney deed to him.  It is not deemed necessary in ejectment, to prove the actual delivery of each deed in the chain of title.  If it were, very few, if any, titles would be susceptible of proof. The village of South Evanston recognized appellee as owner of the premises prior to the condemnation proceedings, by negotiating with him for the purchase from him of the premises for a street, and in the petition for condemnation, and also in the verdict of the jury, he is named as owner.   This is an admission by appellant that he is owner. Ry. Co. v. Teters, 68 Ill. 144.

Appellant claims that the improvement was abandoned by the ordinance of November 8, 1893, purporting to repeal the ordinance ordering it, and by the dismissal of the proceedings by the court November 23, 1893.   While a municipal corporation may, after judgment in condemnation proceedings, abandon the improvement, such abandonment must be in good faith.  C., R. I. & Pac. Ry. Co. v. Chicago, 143 Ill. 643; McChesney v. Chicago, 161 Ill. 110; I. C. Ry. Co. v. City of Champaign, 163 Ib. 524.

Appellant, July 24, 1894, after the alleged repeal of the ordinance and dismissal of the condemnation proceedings, passed an ordinance ordering the improvement of Custer avenue with a macadam roadway from the north curb line of Washington street to the north line of Oakton avenue, the width of the improvement between the north curb line of Washington street and the north line of Oakton avenue to be thirty feet in width, to wit, fifteen feet on each side of the center line of Custer avenue.  The center line of Custer avenue, as the avenue had been used, was the half-

section line, and the half-section line is the west line of appellee's premises, so that the ordinance ordered the macadamizing of a strip of appellee's premises fifteen feet in width and about 278 feet in length, which strip is a part and nearly half of the premises of appellee involved in the condemnation proceedings, and for which he was, in said proceedings, awarded compensation. The trial commenced December 30, 1896, and on the trial John H. Moore, assistant engineer in appellant's department of public works, having been called as a witness by appellant, testified: " The present condition of Custer avenue as to pavement, beginning at Madison street and extending as far north as the north line of Washington street, is that a fifteen-foot strip lying just immediately east of the half-section line is occupied by the city, by a pavement."

The evidence, then, shows conclusively that a large part of the condemned premises of appellee were, by the express order of appellant, taken possession of, paved, and used as a part of Custer avenue, after the alleged abandonment. This was wholly inconsistent with abandonment in good faith. A municipal corporation can not, under the pretense of abandonment, repeal the ordinance ordering an improvement, and then take possession of half or a large portion of the premises condemned, use such portion for the purpose contemplated by the repealed ordinance and the condemnation proceedings, and thus defeat the right of the property owner as adjudicated in the condemnation proceedings. The ordering paved and the paving of the fifteen-foot strip of appellee's premises must be deemed to have been done in view of the judgment in the condemnation proceedings. January 5, 1892, the judgment was rendered by the County Court. November 23, 1893, an order was entered by the court dismissing the proceedings. A number of terms having intervened between the date of the judgment and November 23, 1893, the court, at the last date, was powerless to enter the order dismissing the proceedings, and therefore the order of dismissal was a nullity, and the judgment remained in force. McChesney v. City of Chicago, *supra*.

City of Evanston v. Clark.

Appellant's counsel contends, and the evidence tends to show, that long prior to the passage of the ordinance ordering the widening of Custer avenue, part of the premises in question was in use by the public as a highway, and that appellant had so recognized it, and, by its action, treated it as a part of the highway.  But appellant, by the institution of and prosecution to judgment of the condemnation proceedings, is estopped to claim a dedication, or title by prescription.  Town of Princeton v. Templeton et al., 71 Ill. 68.

Even if this were not so, we are of the opinion that the evidence is insufficient to establish a dedication of the premises as a highway.

In Wheeler v. City of Chicago, 24 Ill. 105, it is held that assumpsit may be maintained for the negligent failure of a municipality to collect and pay to the owner of condemned property the damages awarded to him.  In Clayburgh v. City of Chicago, 25 Ill. 535, it is held that, in such case, case will lie.  See, also, Corwith v. Village of Hyde Park, 14 Ill. App. 635, and City of Chicago v. Hayward, 60 Ill. App. 582.

In Village of Hyde Park v. Corwith, *supra*, Justice McAllister, delivering the opinion of the court, after conceding the right to abandon within a reasonable time, says : " While, on the other hand, if such party shall, without payment or tender of the compensation awarded, and without the consent of the owner, appropriate the property by taking possession, then such owner may have his action of ejectment to recover the possession, or trespass for the damages, which might be the value of the property (Smith v. Railroad Co., 67 Ill. 191), or he might bring case, or, perhaps, waive the tort and maintain debt for the amount awarded."

Finally, it is objected that the judgment is excessive. Appellee introduced no evidence as to damages, but relied solely on the award, and the wrong or negligence of which he complains is the failure of appellant to collect the assessment and pay the award.  Had appellant collected the

assessment, appellee would only have been entitled to receive the difference between the amount of the compensation awarded in respect of the part of his property proposed to be taken, and the amount assessed against the remainder for special benefits. The amount of the award is $4,075, the amount assessed as benefits $1,308, and the difference between these two is $2,767, which is the amount appellee would have been entitled to receive had appellant collected and paid the award within a reasonable time. We think it clear that appellee is not, excluding the question of interest, entitled to receive any more than he would have been entitled to receive had appellant performed the duty the non-performance of which appellee complains of. Moore, appellant's witness, testified that the paving was done in the early part of 1895, in the spring or early summer.

We are of opinion that the appellee is entitled to interest from the time when the city took actual possession by the construction of the pavement (City of Chicago v. Palmer, 93 Ill. 125), which time the evidence warrants us in fixing at June 19, 1895. The judgment appealed from was entered June 19, 1897, and should have been for $2,767, with interest from the time the city took possession and paved the property. The interest for two years at five per cent per annum is $276.70, making the total of principal and interest $3,043.70, which is $1,652.55 less than the judgment appealed from.

Upon a remittitur of $1,652.55 being entered by appellee within ten days from this date, the judgment will be affirmed, otherwise it will be reversed and remanded, the appellant, in either case, to recover its costs in this court.