The Rockford, Rock Island and St. Louis R. R. Company

*v.*

Daniel Lynch *et al.*

1.  Negligence—*where plaintiff declares upon statutory liability, his right of recovery will be limited accordingly.*  In an action against a railroad company to recover for the killing of stock, where the plaintiff declares upon the statutory liability, growing out of a neglect to fence the road within six months after the same is opened and used, no recovery can be had unless the company was bound to fence its road.

2.  Same—*plaintiff only bound to prove the negligence alleged in his declaration.*  Where the plaintiff declared against a railroad company in a suit to recover damages for stock killed, charging negligence in failing to have its road fenced in the time required by the statute, the defendant asked, and the court refused to instruct the jury, that, if the cattle were killed by the trains upon defendant's road, it was incumbent upon the plaintiff to show that the damages were caused by the negligence of the defendant:  *Held,* that the instruction was properly refused, as the jury might have inferred from it that it was necessary for the plaintiff to prove wilful negligence, or some other negligence than the fact of the killing and the omission to fence.

3.  In such a case, it is sufficient for the plaintiff to prove the killing of his cattle by the trains of the company, and its neglect to fence.  Such proof makes a *prima facie* case of liability.

4.  Same—*duty of plaintiff to dispose of cattle killed.*  Where a railroad company, by its trains, killed cattle of the plaintiff which had strayed upon its unfenced track, and they were mangled, bruised and swollen

when discovered, it was *held* that the plaintiff was not required to use diligence to dispose of their dead bodies to entitle him to recover their full value.

5. Same—*right of defendant to show its discharge from obligation to fence.* Where a railroad company was sought to be made liable for killing stock, on the ground of its neglect to fence its track, it offered in evidence the record of the proceedings by which damages were assessed for the right of way across the land where the killing occurred, to show thereby that the cost of fencing the road was included in the assessment of damages against the railroad company, and the same had been received by the plaintiff, which the court refused to admit: *Held*, that the court erred in refusing the same.

6. Railroad—*duty to fence road, and what will discharge it.* The statute imposes a duty upon railroads to fence their tracks within a given time; but where, in the proceedings to acquire the right of way, damages are assessed against the company for fencing the road, and the assessment is formal and regular and is made a matter of record, then the land is thereafter charged with the fencing, and the company and its legal successors discharged from the duty.

7. Evidence—*judicial notice.* Courts are bound to take judicial notice of all acts of the legislature which are declared to be public acts, without other proof.

8. Same—*secondary.* Parol evidence, to prove that the cost of fencing a railroad was included in the assessment of damages for right of way, is not admissible. The record is the best evidence of such fact.

9. Same—*when other proof is necessary to show its relevancy.* Where evidence is offered which is competent and material when connected with proof of another fact, and is objected to generally for its want of competency, it is error to reject the same. If not followed up by the other proof, it may be regulated by instructions.

Appeal from the Circuit Court of Scott county; the Hon. Charles D. Hodges, Judge, presiding.

This was an action on the case, by Daniel and Thomas Lynch, against the Rockford, Rock Island and St. Louis Railroad Company, to recover damages for the killing of two steers. The declaration counted upon the statutory liability of the defendant, growing out of a neglect to fence its road. The defendant filed the general issue. A trial was had, resulting in a verdict and judgment in favor of the plaintiffs for $110.

On the trial, the defendant asked the following instructions, which were refused by the court:

"2. The court instructs the jury that, if cattle were killed by the trains upon defendant's railroad, it is incumbent upon the plaintiffs, suing for damages, to show that the damages were caused by the negligence of the defendant, and if plaintiffs have failed to prove such negligence as they have charged in the declaration, they should find for defendant.

"3. That, although the jury may believe, from the evidence, that defendant failed to fence the said railroad, yet, if the plaintiffs have failed to prove that the damage complained of was occasioned by such failure to fence, and have failed to prove negligence in other respects, then they should find for the defendant.

"4. The court instructs the jury that it is the duty of parties having stock killed by railroad trains, to use diligence to save the injured property so far as they can, and if they believe, from the evidence, that plaintiffs failed to use diligence to save the damaged property, the jury should take that into account by way of mitigating the damages if they find for the plaintiffs."

The other material facts appear in the opinion of the court.

Messrs. Knapp & Riggs, for the appellant.

Messrs. Chapman & Henderson, for the appellees.

Mr. Justice Thornton delivered the opinion of the Court:

Under the pleadings there could be no liability on the part of the railway company, unless it was bound to fence its road.

The statute imposed this duty upon the company, but if, when the right of way was condemned over the land where the injury occurred, damages were assessed against this company for fencing the road, or against a company of which the

present is a legal successor, and the assessment was made a matter of record, and was formal and regular, then the land is charged with the fencing and the company is discharged. *Rock Island and Alton R. R. Co.* v. *Lynch,* 23 Ill. 645. It was, therefore, error to refuse the introduction of the record, which might have shown such discharge. The offer was, to introduce a record of the proceedings "by which damages for the right of way of said railroad" across the land of appellees, where the stock was killed, were assessed, and that the cost of fencing the road was also assessed against the company, and that appellees received the damages. The offer was not, as contended by counsel for appellees, to produce a record in which some other company was a party, but a record in which "said railroad," the appellant corporation, was the party.

Concede, however, that the Rock Island and Alton Railroad Company was the party to the record offered; if the present corporation, by force of the enactments of the legislature, has succeeded to all the rights and franchises of the former, the record was still admissible. Neither could the company be restricted as to the manner of its evidence. It had the right to introduce the record first, and the statutes afterwards, even if required to offer the latter in evidence. But we understand the rule to be, that, when acts of this character are declared to be public acts, courts are bound to take notice of them without proof.

It is urged, in behalf of appellees, that this court can not perceive the relevancy of the record offered, as it is not contained in the bill of exceptions; that the judge on the circuit might have examined it and ascertained that it did not name fencing, and properly rejected it as evidence. This may be true, but the record before us discloses no such state of case. The offer was distinct and explicit to introduce a record to prove that the cost of fencing was included by the commissioners. The objection was then made that the record was not evidence for such, or for any purpose, and the court sustained the objection. No specific objection having been

pointed out, we must presume that the record contained what the offer purported, and that it was rejected as incompetent evidence, under any circumstances, to prove that the cost of fencing was assessed.

There was no error in the rejection of parol evidence to prove that the cost of fencing the road was included in the assessment of damages, in the proceeding to condemn the right of way. This was only secondary evidence, and no foundation was laid for it. The record was the best evidence.

Instructions number two, three and four, were properly refused. The second would have misled the jury. They might have inferred from it that it was incumbent upon the plaintiffs to prove wilful negligence, or some other negligence than the fact of killing and the omission to fence.

The third informed the jury that, although the company had neglected to fence its road, yet the plaintiffs must prove that the injury resulted from such failure to fence, and must prove negligence in other respects. This required more of the plaintiffs than the law does. They need only prove the injury by the trains of the company and its neglect to fence, and thus a *prima facie* case of liability is made.

From the proof, the fourth instruction should not have been given. The cattle had been killed some time, were mangled and bruised, and one of them had swollen considerably. They had probably become offensive, and under such circumstances the plaintiffs should not have been required to have anything to do with the dead carcass.

The rejection, however, of the record offered, was error. If the appellant corporation had not, by proper proof or by the statutes, shown that it was entitled to the benefit of the assessment if any had been made, the court might have regulated the matter by instructions.

The judgment is reversed and the cause remanded.

*Judgment reversed.*