| 68 | 144 |
|---|---|
| 176 | 134 |
| 77a | 239 |

| 68 | 144 |
|---|---|
| 193 | 4471 |

| 68 | 144 |
|---|---|
| 195 | 6213 |

| 68 | 144 |
|---|---|
| e111a4 | 79 |

| 68 | 144 |
|---|---|
| 213 | 5 31 |

# The St. Louis and Southeastern Railway Co.

*v.*

# Jacob Teters.

1. Continuance—*on the ground of absence of attorney as a member of the General Assembly.* In support of a motion for a continuance, the plaintiff filed an affidavit that the principal attorney in the case was employed as such before he was elected to the Senate of the State, of which he was then a member; that he was absent at Springfield in the discharge of his duty as such Senator, and that the presence of such attorney was necessary to a full, fair and proper trial of the case: *Held,* that the affidavit brought the case clearly within the statute, and that it was error to refuse the continuance.

2. Same—*statute relating to, construed.* The 46th section of the act of February 22, 1872, relating to continuances where the attorney is engaged as a member of the General Assembly, does not repeal the prior law allowing exceptions to be taken to the decisions of the court in overruling motions for continuance. The word *"may,"* in the latter clause of the statute of 1872, is construed to mean *"must."*

3. Same—*agreement to try cause at a term does not estop party from asking a continuance.* Where it was agreed, on the changing of the venue of a cause, that it should be tried at the next term of the court, it was *held,* that this did not estop the party from claiming a continuance for good cause.

4. RIGHT OF WAY—*damages—evidence as to.* As the design of the law is to fully compensate a party for all injury he may sustain by reason of the appropriation of his land for railroad purposes, and which shall grow out of or be occasioned by the location and use of the road, evidence as to the danger of killing stock, and the danger of the escape of fire by reason of the construction of the road, is proper to be considered by the jury. Such damages are as much proximate as those growing out of the danger and inconvenience of crossing the road from one part of the farm to another.

5. SAME—*right to damages not dependent upon proof of title.* On the assessment of damages for right of way, under the act of 1852, the land owner is not bound to prove title to entitle him to compensation and damages. By instituting the proceeding against the defendant, the petitioner admits his ownership.

6. SAME—*judgment and award of execution.* Where a corporation, seeking to condemn lands for a right of way, has not taken possession and used the land when the trial and assessment of compensation and damages are had, it is erroneous to render a judgment awarding an execution for its collection; but if the company has taken possession and is in the occupancy of the land, then such a judgment is proper.

7. SAME—*order of court does not confer right, but only the payment.* Under the statute, it is the payment of the money found by the jury, and not the order of the court, that confers the right of way. Such order, with evidence of payment, will constitute a justification for taking the property condemned.

APPEAL from the Circuit Court of Jefferson county; the Hon. JAMES M. POLLOCK, Judge, presiding.

This was a proceeding instituted by the appellant against the appellee, to condemn land for a right of way.

At the March term, 1873, the petitioner moved the court for a continuance, based upon the following affidavit:

"A. L. Gardiner, being first duly sworn, says that he is the agent of the plaintiff; that said plaintiff can not safely proceed to the trial of said cause at this term of court on account of the absence of Thomas S. Casey, who is the principal or senior counsel in said cause; that said Thomas S. Casey is a member of the Senate, one of the houses of the General Assembly of the State of Illinois, and now in actual attendance upon a session of the said General Assembly at the capital of

10—68TH ILL.

said State; that said attorney was employed by plaintiff in said cause before the election of said attorney to the office aforesaid, and before the present session thereof was begun, and before the present term of this court began, and further saith not.

(Signed)        A. L. Gardiner, <em>Agent."</em>

The court overruled the motion, and the plaintiff excepted. The jury assessed the defendant's damages at $600, and the court rendered judgment thereon and awarded execution.

Mr. J. M. Hamill, and Messrs. Casey & Wilson, for the appellant.

Mr. T. B. Tanner, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was a proceeding under the statute, instituted by appellant in the circuit court of Jefferson county, against appellee, for the purpose of condemning the right of way for its railway over a forty-acre tract of land. The venue was changed to White county, and afterwards again changed back to Jefferson county.

At the March term, 1873, the cause was tried by the court and a jury. A verdict for $600 was rendered, and after overruling a motion for a new trial, the court rendered judgment for that sum and awarded execution.

It is insisted that the court below erred in overruling a motion for a continuance. The affidavit on which the motion was based, states that the principal attorney in the case was employed as such before he was elected to the Senate of the State, of which he was then a member, and was absent at Springfield in the discharge of his duty as such Senator; that the presence of such attorney was necessary to a full, fair and proper trial of the case.

The 46th section of the act of the 22d of February, 1872, (Sess. Laws, 345,) provides that it shall be sufficient cause

for a continuance if it shall appear by affidavit that any party applying for a continuance, or any attorney or solicitor or counsel of such party is a member of either house of the General Assembly, and in actual attendance upon the sessions of the same, and that the presence of such attorney, solicitor or counsel in court, is necessary to a fair and proper trial of such suit; that, on filing such affidavit, the court may grant a continuance of such suit. This affidavit brings this case clearly within the statute.

The only question which can arise is, whether the granting of the continuance is not a matter of discretion with the court. This act does not profess to repeal any other law, thus leaving the practice act in force so far as the same does not conflict with this law.

The 23d section of the practice act (R. S. 416) allows exceptions to be taken to decisions of the court in overruling motions for continuance, and authorizes the assignment of error on such decision. Thus it will be seen that, as this section is not repealed, and is not in conflict with the law of 1872, it is in force, and must control. If so, it was error in the court below to overrule the motion.

Again, the first clause of the section declares that such an affidavit shall be sufficient cause for a continuance. Hence, the word "may," in the latter clause, must be construed to mean "shall." When all of the provisions on the subject are considered, we are clearly of opinion that it was not discretionary to grant or refuse the continuance.

But it is said that, when the venue was changed back to Jefferson county, it was agreed that the case should be tried at the next March term of that court, and that the party was thereby estopped to claim a continuance. We are not inclined to hold that the parties intended a trial should be had at all events at that time. A reasonable interpretation of the agreement would not prevent a continuance on account of the sickness of the parties or witnesses, or the absence of witnesses,

where due diligence had been employed to procure their attendance at the trial. The agreement only contemplated a trial if it could be had without one party obtaining an undue advantage of the other.

We shall express no opinion as to the weight of evidence on the motion for a new trial, on the ground that the verdict is against the evidence. As the case must go before another jury, we will leave them free to pass upon the evidence and to determine its weight.

It is next urged, that the circuit court erred in receiving evidence as to the danger of killing stock and the danger of the escape of fire by reason of the construction of the road. The design of the law is, to fully compensate a party for all injury he may sustain by reason of the appropriation of his land to the use of the road, and which shall grow out of or be occasioned by its location and use at that place. This being true, it follows that it is proper for the jury to consider whether his stock would be liable to be killed and his farm injured, or his fences and buildings destroyed by fire, and the amount of damage he would thus sustain. If there was a liability to such injury, its tendency would be to depreciate the value of the farm in its use, as well as in the market; and if so, such would be proximate damage, as much so as the danger and inconvenience of crossing the road from one part of the farm to another. There was no error in admitting this evidence. *Somerville and E. R. R.* v. *Doughty*, 2 Zab. 495.

Again, it is urged, that appellee was not entitled to damages because he failed to prove title to the land sought to be appropriated. This objection would amount to this: that, on the person, against whom the proceeding is commenced, failing to establish title, the company has the right to appropriate it without compensation. To so hold, would be monstrous. The company started the proceeding against the appellee, and thus admit that he is the owner. If not the owner, why make him defendant? Why not proceed against the owner? Here we find appellee was in the full and uninterrupted possession

of the land, and the law, from that fact, presumes he is the owner; and if not, let the company proceed against the true owner. The record of titles is open to them, and they can determine against whom to proceed. But we could never hold that a person in possession should lose his land and receive no compensation because there might be some trifling technical objection to some deed or acknowledgment in his chain of title ; and this, too, when he has neither sought nor encouraged the litigation. The proceeding is moved by the company for their benefit, and not for that of appellee.

The act of 1852, authorizing the condemnation of lands for railroad purposes, requires the company proceeding to procure the condemnation to name all persons interested, as owners or otherwise, in the property to be affected, if known ; or if not known, stating that fact, and requesting the court to cause to be ascertained the compensation to be made to each owner of, or person interested in the property, required as aforesaid. The proceedings pointed out by this act are different from the 38th section of the road law of 1845, under which the case of *The County of Sangamon* v. *Brown*, 13 Ill. 207, was had. If that decision is to have effect, we shall limit it to the section of the statute under which it arose, and we are not inclined to extend its operation to this law which provides for a proceeding to be conducted in a different mode.

Inasmuch as the instructions complained of in the assignment of errors are not set out in the abstract, and as no specific objections are urged against them, we presume that assignment of errors is abandoned, and we have not examined nor will we discuss them.

It is also urged, that the court below erred in rendering judgment and in awarding execution. The 10th section of the Eminent Domain law of 1872, (Sess. Laws 404,) provides that, on filing the report of the commissioners, the judge shall make such order as to right and justice shall pertain, ordering that petitioner may enter upon the property and use the same

upon payment of full compensation, as ascertained as afore-said ; and such order, with the evidence of such payment, shall constitute a complete justification for taking the property.

In the cases of *The St. Louis and S. E. Ry. Co.* v. *Lux*, 63 Ill. 523, and *The Peoria, Pekin and Jacksonville R. R.* v. *The Peoria and Springfield R. R.*, 66 Ill. 174, the judgments were reversed because an execution was awarded. In those cases, it did not appear that the company had taken possession and was occupying the land when the trial and assessment were had, as it does in this case. Where the company has taken the land into possession before the trial, such an order as is specified in the statute is not applicable to the facts of the case, and right and justice would require that a judgment should be rendered against the company for the damages found by the jury, and an execution should be awarded for its collection. Would it, in such a case, be right or just to require the owner, who has been deprived of his property, and which the company has elected to appropriate and has appropriated to its use, to bring ejectment, trespass or other action to recover his money already found and awarded to him by the court? We have no doubt, under the language employed in the act, that the court has power in such a case, and when the jury find that they have taken the property into possession, or where it conclusively appears from the record, to render judgment and award execution.

But where the company has not appropriated the land at the time of the trial, it would be improper to render a judgment for the recovery of the money, or to award execution, because it could not be known that the company will ever enter upon the land. It is, under the statute, the payment of the money found by the jury, and not the order of the court alone, that confers the right. Although the petition has been filed, the damages assessed, and the order of the court pronounced and entered, the money must be paid before the right to enter attaches, and until they pay the damages, they have

the right to abandon the location of the route thus made, and adopt some other. Hence, it is improper to render a judgment of recovery or award execution, unless the jury find, or it conclusively appears from the record, that the company has entered and is in possession of the land sought to be condemned.

The judgment is reversed and the cause remanded.

*Judgment reversed.*