WEYER, Respondent, vs. THE CHICAGO, WISCONSIN & NORTH-ERN RAILROAD COMPANY, Appellant.

*January 14 — February 1, 1887.*

RAILROADS: CONDEMNATION OF LAND. *(1) Damage to land not taken: What may be considered. (2) Value of land taken: Probable income. (3) Instructions to jury: Immaterial error.*

1. Where a portion of a farm has been taken for a railroad, the damage to the other portion by reason of such taking is the depreciation in its market value, and in determining this the jury may consider the smoke, noise, danger and inconvenience of working the farm in consequence of the road running through it. But these things do not of themselves constitute a basis for separate and distinct damages.

2. In estimating the value of land taken for a railroad, the jury may take into consideration its productiveness, or the income which might have been derived from it if it had not been taken.

3. The jury were instructed that, in determining the value of land taken and the damage by reason of such taking, they could not give less than $375 nor more than $1,750, if these were the highest and lowest estimates of the witnesses. As a matter of fact the estimate of one witness was $350. The jury found a verdict for $1,012.50. *Held*, that the railroad company could not have been prejudiced by the instruction.

APPEAL from the Circuit Court for *Washington* County.

The defendant railroad company instituted proceedings for the condemnation of a strip of land 100 feet wide, comprising three and 48–100 acres, across a farm which the plaintiff claimed to own. The commissioners of appraisal awarded the sum of $300 as compensation for the land taken and for the damage sustained by reason of such taking. This amount was paid into court. The plaintiff appealed from such award to the circuit court, and there obtained a verdict fixing the value of the land taken at $262.50, and the damage to the balance of the farm at $750. From the judgment on this verdict the defendant appeals. Other facts are stated in the opinion.

Weyer vs. The Chicago, Wisconsin & Northern R. Co.

For the appellant there was a brief by *Howard Morris,* attorney, and *A. A. Krause,* of counsel, and oral argument by *Mr. Krause.*

For the respondent there was a brief by *P. & T. O'Meara,* and oral argument by *Mr. P. O'Meara.*

COLE, C. J. The errors assigned in this case are to certain portions of the charge, and to the refusal of the court to give an instruction.

*First.* It is claimed that the court erroneously instructed as to the measure of damages. The court submitted two questions to the jury: "(1) What was the fair market value of the three acres and a half, in round numbers, actually taken by the railroad? (2) What was the damage to the balance of the plaintiff's farm by the construction of the defendant's road through said farm?" The learned circuit judge made some pertinent remarks in regard to the first question, which were applicable to the evidence and to which no exception was taken. In respect to the second question the learned judge said: "In determining that question, you are to take into consideration all the circumstances surrounding the case,— the location of the farm, the manner in which the road runs through it,— and you are to take into consideration also the inconvenience, trouble, and dangers, if there are any of these things, in working that farm in consequence of the road running through it. You are to take into consideration, also, whether this spring spoken of has been affected, or whether it has made it more difficult for the party to have access to it. You are to take into consideration the proximity of this road to the house and other buildings of the plaintiff; the smoke, noise, danger and inconvenience in working this farm, if any." This last clause is the one excepted to as being erroneous.

It is objected that in this clause the court directed the jury that damages might be assessed for smoke, noise, the

danger and inconvenience of working the farm; that these things of themselves constituted a proper basis for damages. But we do not so understand the charge, nor do we think the jury could have so understood it. But, in determining the question as to the actual depreciation of the market value of the balance of the farm resulting from the construction of the road through it, these things were proper to be considered, because they had some bearing on the main fact to be established. They could likewise be taken into account as means for weighing the opinions of the witnesses who had testified as to the depreciation. On cross-examination the witnesses were generally asked the grounds or reasons for placing the depreciation at the amount named by them, respectively; and they, in effect, stated that the proximity of the road to the house and building, smoke, noise, danger and inconvenience in crossing the railroad track, and other things did in their opinion diminish the value of the land not taken. This evidence was given without objection, for the purpose, doubtless, of testing the value of the witnesses' opinions upon the subject. It is, perhaps, common knowledge and experience that the value of such farm property in the markets of the world is more or less affected by a railroad crossing in the manner the defendant's road crossed this farm; that is, people in purchasing such property will give less for it than they would if the railroad were not there. The statute provides that the owner shall receive compensation for the value of the tract taken, and the damages sustained by reason of the taking thereof. Sec. 1848, R. S. Consequently, by as much as the market value of the residue has been diminished in consequence of such crossing and the incidental inconvenience, danger, and annoyance thereof, by so much has the owner been injured. And it matters not what causes the depreciation in value, whether exposure to fire, or danger to person and property, the real question is, and always should be,

JANUARY TERM, 1887.                183

Weyer vs. The Chicago, Wisconsin & Northern R. Co.

How much has the market value of the property been diminished by reason of the road crossing the farm? This was the rule laid down in the *Snyder Case* [*Snyder v. W. U. R. Co.* 25 Wis. 60], and it has been substantially adhered to in subsequent cases. At the same time it has been said that danger from fire by passing trains, or the liability of horses to get frightened from the same cause, or noise or inconvenience arising from the proximity of the premises to the railway track, are not such injuries as will authorize separate and distinct damages, being too remote. *Hutchinson v. C. & N. W. R. Co.* 37 Wis. 582; *S. C.* 41 Wis. 555. These things are never to be taken into account *as a basis or ground for awarding damages*, because they rest upon sources of injury too remote and conjectural.

When the entire charge is considered, we do not think there is anything in it which could have misled the jury as to the proper measure of damages. They must have understood that they were to determine from all the testimony what was the fair value of the land taken, and what damage was done to the residue of the farm. They were told that they were to apply their common sense and experience to the testimony, and test the value of the opinions of the witnesses by the facts upon which such opinions were based.

In their verdict, the court in substance told them that they could not give less than $375 nor more than $1,750, if these were the highest and lowest estimates of the witnesses. As a matter of fact, one witness placed the value of the land taken and the damage to the residue at $350. But it is perfectly obvious that the defendant could not have been prejudiced by the charge on this point. The jury found a verdict of $1,012.50 for the land taken and for damage to the balance of the farm.

The court was asked to instruct the jury that they had no right to take into consideration the income that might

have been derived from the strip of land taken if it had not been taken. The court properly refused to give the instruction. In estimating the value of farming land, its productiveness, or the income which may derived from it, is always considered. Indeed, there is no better nor safer criterion than this to get at its real value. It is said some of the plaintiff's witnesses, in their estimate of the value of the land taken, and others in estimating the damages, include the probable future income of the land either as an element of damage, or in addition to value and damages. All this testimony was admitted without objection; and, whether proper or improper, it is too late now to say it should have been excluded.

On the whole case, we think that the judgment is correct and must be affirmed.

*By the Court.*— Judgment affirmed.