THE CENTRALIA AND CHESTER RAILROAD COMPANY

*v.*

MARIA J. BRAKE *et al.*

*Filed at Mt. Vernon June 16, 1888.*

1.  FENCING RAILROADS—*duty and liability in respect thereto.*   By the statute every railroad corporation is required, within six months after any part of its line of railway is open for use, to erect and thereafter maintain fences on both sides of its right of way, so far as the railroad has been opened for use, except at certain designated places, suitable and sufficient to prevent stock from getting thereon.

2.  The failure of a railway company to perform the statutory duty to fence its roadway after the expiration of six months, renders the corporation liable, *prima facie,* for stock killed or injured by its agents, engines or cars.   The company may, however, avail itself of the whole six months

in which to perform the duty, and if, prior to the expiration of that time, stock gets upon the railroad and is killed or injured, the owner can not recover without proving negligence on the part of the company.

3. Before the time has elapsed in which a railway company is required to fence its road, it will be liable only for injuries to stock resulting from its failure to properly construct its road, or to manage and operate its locomotives and cars in a reasonable and prudent manner.

4. EMINENT DOMAIN—*elements of damages—inconvenience or injury from throwing open farm lands, leaving them unfenced.* The inconvenience of having a man's farm or pasture land thrown open during the construction of a railway through the same, and for six months after the road is open for use, may be a material element of damage, and may be considered by the jury in the assessment of damages to the land not taken.

5. While it would be clearly incompetent and improper for the jury to enter upon conjecture as to the probable injury to stock, or the damages that may result therefrom, during the time the company is not required to fence its road, yet if, in consequence of the appropriation of the land by the company as a right of way, the present market value of the land through which the road is located, either for sale upon the market, or the value of the use of the land for the purposes to which it is appropriated or to which it is adapted, is depreciated, such depreciation in value, or loss to the land owner, is an element of damages proper to be considered by the jury in determining the compensation to be paid for the land damaged but not taken.

6. SAME—*of an instruction on that subject.* On an assessment of damages in a proceeding to condemn land for a right of way by a railway company, the court instructed the jury that "railroad corporations are not required to fence their roads for six months after said roads are open for use, and the damages attending the keeping open of the farm for that length of time may properly be considered by you as an element of damages:" *Held*, that the instruction was faulty, in assuming there would be damage attending the keeping open of the farm. That question, and whether the farm would be left open, should have been submitted to the jury; but in the absence of any stipulation to erect fences so as to prevent injury to the land owner, and there being no conflict in the evidence as to the location of the road and its injurious effect on the uses of the land, it was held that the error was harmless.

7. SAME—*danger from fire, as an element of damage.* If by reason of the proximity of buildings, fences, and the like, to the track of the railroad, the market value of the farm it crosses, as a whole, is depreciated, or if, from the ordinary and usual manner of the operation of the road, the danger from fire has a tendency to lessen the value of the premises for sale, or for the use to which they are appropriated by the owner, or to which they are adapted, that fact becomes an important element in fixing the damages to the owner.

APPEAL from the County Court of Washington county; the Hon. GEORGE VERNOR, Judge, presiding.

Mr. W. S. FORMAN, and Mr. DANIEL HAY, for the appellant.

Mr. W. H. MOORE, and Mr. JAMES A. WATTS, for the appellees.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a petition, in the usual form, by appellant railroad company, for condemnation of right of way over lands of appellees. The trial by jury resulted in awarding appellee Maria J. Brake $400, and appellee Meinnert $575, as compensation for land taken and damages to land not taken. The petitioner prosecutes this appeal.

Errors are assigned upon the rulings of the court in giving the fourth instruction of appellees' series, and refusing the third, fifth and sixth instructions offered by the railroad company, and in the admission of testimony. The fourth instruction asked and given at the instance of appellees, is as follows:

"The court instructs you, that by law railroad corporations are not required to fence their roads for six months after said roads are open for use, and the damages attending the keeping open of the farm for that length of time may properly be considered by you as an element of damages."

By the statute, every railroad corporation is required, within six months after any part of its line of railway is open for use, to erect and thereafter maintain fences on both sides of its right of way, so far as the railroad has been opened for use, except at certain designated places, suitable and sufficient to prevent stock from getting thereon. The failure to perform the statutory duty to fence its roadway after the expiration of six months, renders the corporation liable, *prima facie*, for stock killed or injured by its agents, engines or cars. (*Rockford, Rock Island and St. Louis Railroad Co.* v. *Lynch*, 67 Ill. 149.)

The company may avail itself of the whole six months in which to perform the duty, and if prior to the expiration of that time stock gets upon the railroad and is killed or injured, the owner can not recover without proving negligence on the part of the company. (*Chicago and Northwestern Railway Co.* v. *Barrie*, 55 Ill. 226.) The company would be liable only for injuries to stock resulting from its failure to properly construct its road, or to manage and operate its locomotives and cars in a reasonable and prudent manner. If stock from the pasture land through which the road was operated, goes upon the railroad track, and is injured by the company's agents, engines or cars, while such engines and cars are being operated with ordinary and reasonable care, the land owner is without remedy. If, therefore, the land owner desires to use his pasture, he must fence the road, or submit to the hazard of injury to his stock by the ordinary operation of the road. It can readily be seen that pasture lands, or those susceptible of pasturage, would, as a matter of fact, be depreciated for that use by the exposure of stock placed therein, to such injury. It will be clearly incompetent and improper for the jury to enter upon conjecture as to the probable injury to stock, or the damages that might result therefrom. But if, in consequence of the appropriation of the land by the company as right of way, the present market value of the land through which the road is located, either for sale upon the market or the value of the use of the land for the purposes to which it is appropriated by the land owner or to which it is adapted, is depreciated, such depreciation in value, or loss to the land owner, is an element of damage proper to be considered by the jury in determining the compensation to be paid for land damaged but not taken. *St. Louis and Southeastern Railway Co.* v. *Teters*, 68 Ill. 144; *McReynolds* v. *Burlington and Ohio River Railway Co.* 106 id. 152; *Rockford, Rock Island and St. Louis Railroad Co.* v. *McKinley*, 64 id. 338; *Chicago, Burlington and Northern Railroad Co.* v. *Bowman*, 122 id. 595; *Calumet River Railway Co.* v. *Moore et al.*

124 id. 329. This instruction, in all essential particulars, was before us in *St. Louis, Jerseyville and Springfield Railroad Co. v. Kirby,* 104 Ill. 345, and it was there said: "The inconvenience of having a man's land temporarily thrown open in the progress of the construction of the road, may be a material element, and justly require compensation."

It is said, however, that this instruction is erroneous, because it assumes there would be "damage attending the keeping open of the farm," etc. The instruction is clearly faulty in the respect indicated. The question of whether there would be damages attending the keeping open of the farm, and whether it would be kept open, should have been submitted to the jury as questions of fact. But it can not be seen that appellant was injured by this assumption of the court. The appellant, alone, could determine when, within the six months, its road should be fenced, and if it desired to eliminate from the case this element of damage, no reason is perceived why it might not have done so by appropriate stipulation to erect its fences so as to prevent injury to the land owner. But one recovery could be had by appellees for the land taken or damaged, and they must, in this action, recover, for all time, the injury to their land resulting from the appropriation, by the railroad company, of the right of way, and it is not unreasonable to require appellant, in the absence of any offer or stipulation showing a contrary intention, to pay all such damages as will result from its availing itself of the delay allowed it by law. The evidence introduced by appellant, alone related to the value per acre of the land taken. The witnesses introduced by appellees vary somewhat in their estimate of the damages, ranging, in respect to the land of appellee Meinnert, from $800 to $1000, and as to the land of appellee Brake, from $500 to $900. If we exclude the evidence derived by the jury from their personal inspection of the premises, it is apparent the verdict is, in each case, much below the estimate of damages of any of the witnesses. There is no conflict in the evi-

dence in respect to the location of the road or how it would divide the farms of appellees, or what effect it would have upon the uses to which the land was appropriated, and no different effect could have been produced upon the minds of the jury by the instruction under consideration, than would have resulted if the instruction had been properly guarded by requiring them to find the fact. We have so repeatedly held that an error which has produced no injury will not be ground for reversal, that citation of authority is unnecessary.

The witnesses for appellees, upon cross-examination, among other reasons given for their estimate of damages, stated they included the damages from fire, etc., by reason of the operation of the railroad through these farms. Appellant objected to the evidence, which objection was everruled, and appellant excepted. No motion was made to exclude the evidence in chief of the witnesses, but instructions were asked, and refused by the court, to the effect that the increased danger and hazard to buildings, etc., from fire, by reason of the operation of the road, should not be considered by the jury as an element of damage. There was no error in this ruling. If, by reason of the proximity of buildings, fences, and the like, to the track of the railroad, the market value of the farms, as a whole, was depreciated, or if, from the ordinary and usual manner of the operation of the road, the danger from fire had a tendency to lessen the value of the premises for sale, or for the use to which they were appropriated by the owner, or to which they are adapted, that fact would become an important element in fixing the just compensation to be awarded the owner for the appropriation of his land to the uses of appellant company. Authorities *supra*.

Finding no error in this record, the judgment is affirmed.

*Judgment affirmed.*