THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY V. E. BRUNSON.

1. RAILROAD RIGHT-OF-WAY — *Damages* — *Competent Evidence.* Plaintiff's farm was in one inclosure, but the land taken for a right-of-way for defendant's railroad was all in an eighty-acre subdivision of the same, and that subdivision alone was named in the bond for appeal from the award of the commissioners condemning the land. *Held,* That evidence showing the damages to the entire farm is competent.

2. WITNESS — *Practice* — *Immaterial Error.* When a witness for a landowner is asked and testifies, over the objection of the company, that his farm was damaged a certain sum per acre, naming it, by the taking of a right-of-way through it, this is erroneous; yet if it is shown that the objection made was also to the competency of the witness to testify as an expert, who was competent, and it is also shown that objections to like questions asked other witnesses were sustained, and also that in the course of the trial like evidence had been given to proper questions without any objection of defendant, and the defendant also, in cross-examination, repeatedly asked like questions, the error is not sufficient to compel a reversal of the judgment.

3. INSTRUCTIONS — *Complaint.* The defendant cannot complain of instructions given, when they are substantially the same as those it requested of the court.

*Error from Dickinson District Court.*

THE material facts are stated in the opinion. Judgment for plaintiff *Brunson,* for $441, at the October term, 1887. The defendant *Company* brings the case here.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*Burton & Moore,* for defendant in error.

Opinion by HOLT, C.: This was an appeal to the district court of Dickinson county, from the award of commissioners condemning a right-of-way for the C. K. & W. Rld. Co. over the east half of the southwest quarter of section 20, township 13, range 1 east, the property of plaintiff; $2\frac{22}{100}$ acres were taken off of the north end of said tract. Immediately north of the land so taken was the Union Pacific railroad; north of that, the public highway. The plaintiff lived at Solomon City, about a mile distant. In order to get to the highway both railroads had to be crossed, and there were no other means of getting to Solomon City from this land except by crossing the land of other parties, by a circuitous and inconvenient route. There were several other farms in this immediate locality, situated, so far as the road was concerned, substantially like the tract of plaintiff, and the owners were compelled to cross both tracks in order to reach the public road. The entire farm of plaintiff consisted of 112 acres, under fence, and nearly all tilled. A small house with one room, a stable for six horses, a feed-lot and hog-lot, were near the river on the south line of the farm. The commissioners awarded the plaintiff the sum of $161, as damages. Upon the trial, judgment was rendered in plaintiff's favor for $441. The findings specially found by jury are:

"1. How many acres of plaintiff's land did the defendant take for its right-of-way? A. Two and twenty-two one-hundredths.

"2. What was the land taken worth per acre on the 3d day of September, 1887? A. $50.

"3. Do you find from the evidence that the plaintiff has sustained any damage other than that occasioned by the loss of the land taken for the right-of-way and the inconvenience and danger in crossing the track of the defendant's railroad in going to and from his farm? A. Yes.

"4. If you answer the third question in the affirmative,

state the character and amount of the other damage shown by the evidence, depreciation in value of farm. A. $330."

The bond for appeal from the award of commissioners named only the east half of said quarter; testimony was admitted, however, for the purpose of showing the damage to the entire tract. Of this the company complains, and urges that damages should be confined solely to the land mentioned in the appeal bond. The ruling of the court was correct in admitting this testimony, following the authority of *Reisner v. Depot & Rld. Co.*, 27 Kas. 382. It appeared from the evidence in that case that certain lots 13 and 14 were adjacent, and occupied as one tract; a part of 13 had been appropriated by the railway company for its right-of-way, but no part of 14 had been taken, nor was the lot 14 mentioned in the bond for appeal; at the trial, evidence was excluded tending to show that it had been damaged. In deciding this question, the court, by Chief Justice HORTON, said:

"We think evidence should go to the jury as to all actual damages sustained by the land-owner by reason of the right-of-way appropriated, as to all the premises used as one tract or piece of property, whether it consists of one or more lots — of one or more quarter-sections of land. In condemnation proceedings, the company is the party that sets in motion the steps whereby the owner is deprived of his land, and if such company only take a few feet from a tract of property consisting of more than one lot, and used as one property, the damages are to be assessed with reference to the injury to the whole property, and not to the lot alone from which the right-of-way is taken."

(See also *Railroad Co. v. Merrill*, 25 Kas. 421.)

The defendant further objects to the evidence of W. S. Hunsicker, witness for plaintiff, who was asked:

"Q. Have you a judgment as to how much the land was damaged per acre by reason of the road crossing where it does? A. Yes, sir.

"Q. How much? [Objected to by the defendant as incompetent, irrelevant and immaterial, and the witness is not competent to testify. Objection overruled, defendant excepting.] A. About three dollars an acre.

The defendant says the same question substantially was asked of Geo. A. Gould, and that he answered by saying the farm had been damaged $5 per acre. This manner of introducing testimony falls within the rule enunciated in *Railroad Co. v. Ross*, 40 Kas. 605, and *Railroad Co. v. Kuhn*, 38 id. 677, and therefore ought not to have been permitted. However, the only objection by the defendant to the questions asked Gould was that he was not a competent witness to testify to the value of this land; the objection did not go to the competency and relevancy of the evidence. Substantially the same question had been asked during the trial, of W. A. Pontius, witness for plaintiff, and upon objection by defendant that the question was incompetent, irrelevant and immaterial, the court refused to allow him to answer. All the plaintiff's witnesses were interrogated as to what the value of the land was immediately after the taking of the right-of-way by the company, and nearly all had testified that it had been damaged to a certain amount, naming it, per acre. No motion to strike out had been made by the defendant; in fact, the question objected to had been repeatedly asked in that form of the various witnesses in cross-examination by defendant itself. It is evident from the whole record, and by its rulings upon the admission of testimony, that the court's attention was not called specially to the relevancy and competency of the testimony, but to the incompetency of the witness Hunsicker himself. From the introduction of the evidence generally and the examination and cross-examination of other witnesses during the trial, we think this error in admitting Hunsicker's testimony is insufficient to authorize a reversal of the judgment.

The defendant further contends that the court erred in instructing the jury concerning the inconvenience of crossing and re-crossing the defendant's road from the public highway. The defendant cannot complain of the instructions given, for they are on the same line as those asked by the defendant in the trial. Their eighth and ninth requests are as follows:

"8. If you find that the plaintiff has sustained any damage on account of the danger or inconvenience of crossing the

track of the defendant's railroad, I instruct you to award him on that account only such damage as may arise from traveling between the plaintiff's land and the established county road, by the nearest and most practicable route.

"9. The plaintiff can recover in this action only such damages as are peculiar to himself and the land in controversy, and nothing on account of any injury or inconvenience which is common to the plaintiff and his land and all other landowners and lands lying between Solomon City and Sand Springs, south of the railroad of the defendant and north of the Smoky Hill river."

The court instructed the jury of its own volition, that the jury could not take into consideration anything about the Union Pacific railroad as to the damages he sustained by reason of the increased inconvenience and danger in crossing the tracks, and that he was entitled to recover only such damages as were peculiar to himself and to the land in controversy, and that they were not to take into consideration any damages that he might have sustained in common with the public. The instructions given by the court were substantially on the same line as those asked by the defendant, and it is precluded from making objection to them for that reason.

The other errors complained of require no mention; we therefore recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.