[No. 2203.   Decided August 28, 1896.]

JOHN M. PATTON *et ux.*, *Appellants*, v. OLYMPIA DOOR AND LUMBER COMPANY, *Respondent.*

EMINENT DOMAIN — OBSTRUCTION OF STREET BY RAILWAY TRACK — DAMAGE TO ABUTTING PROPERTY.

Where, under an agreement between a millowner and a railroad company, a railroad switch has been constructed by the millowner, from the railroad to a mill for the purpose of running cars over same for the benefit of the mill, the millowner cannot escape liability for damages occasioned by the necessary operation of the switch in the customary manner, although the trains may be run and operated by the railroad company.

If the owner of a lot has been damaged in a manner different from that of the public generally by the appropriation of a street for railroad purposes, he is entitled to compensation.

There is proof of damages peculiar to plaintiff in the construction and operation of a railroad track in the street in front of his dwelling house, when it appears that the track runs so close to the sidewalk that a team cannot stand between them clear of the track, and that the dwelling house is damaged and rendered of less value by the running of trains over the track.

Appeal from Superior Court, Thurston County.— Hon. T. M. REED, JR., Judge.   Reversed.

*Solon T. Williams*, for appellants.

*Charles H. Ayer*, and *Haight & Owings*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—The appellants are the owners of a lot

fronting on Jefferson street in the city of Olympia. On one side of the lot, a short distance therefrom, said street is crossed by the track of the Tacoma, Olympia & Gray's Harbor Railroad Company. On the other side of the lot, several blocks distant, is situated a saw mill and manufacturing plant operated by the respondent. In pursuance of an agreement entered into between the respondent and the railroad company, a railroad track was constructed upon said street in front of appellants' premises, to be used as a switch connecting with the main track. While said switch track was being constructed, appellants brought this action to enjoin the same, alleging that the construction thereof would cause great damage to their lot and dwelling house thereon, and that the respondent had not made or paid into court any compensation to appellants therefor. A temporary restraining order was issued which, upon motion of the defendant, was afterwards vacated, and upon said hearing the court made findings of fact and entered a decree dismissing the action, and the plaintiffs have appealed.

The respondent does not dispute the building of the switch track, but contends that it has nothing to do with the running of trains over it, and is in no wise liable therefor; and furthermore, that the appellants' premises were not damaged, and consequently that the action was properly dismissed. It is evident from the proofs that the track was constructed principally for the benefit of the respondent, for the purpose of running cars over the same to the mill operated by it. This being the plain purpose for the construction of the switch, respondent could not escape liability for damages occasioned to the appellants by the necessary operation of the switch in the customary manner.

In the case of *Hatch v. Tacoma Olympia, etc., R. R. Co.*,

6 Wash. 1 (32 Pac. 1063) we held that if the owner of a lot had been damaged in a manner different from that of the public generally by the appropriation of a street for railroad purposes, he was entitled to compensation, and that holding governs this case, for we are of the opinion that the appellants have sustained a peculiar or special damage.

It appears that said switch track is built upon a curve and that it runs in close to the side of the street upon which the appellants reside, so close that a team cannot stand there clear of the track; and, also, there is proof to show that their dwelling house is damaged and rendered of less value by the running of trains over the track. That there was some damage to the premises is apparent, and the court erred in dismissing the bill.

Except as aforesaid, the findings of the court will not be disturbed, but the cause will be reversed and remanded with instructions to give the respondent thirty days after the remittitur goes down within which to take such steps as may be necessary to determine the amount of damages, and to remunerate appellants therefor.

GORDON and DUNBAR, JJ., concur.

ANDERS, J., dissents.