[No. 10593.   Department One.   November 22, 1912.]

CARL KEIL et al., *Respondents*, v. GRAYS HARBOR & PUGET
SOUND RAILWAY COMPANY, *Appellant.*[1]

EMINENT DOMAIN—DAMAGE TO PROPERTY—STEAM RAILROAD IN
STREET. The building and operation of a steam railroad in a street
under a city franchise is a damage to abutting property, within
Const., art. 1, § 16, providing that no private property shall be taken
or damaged for public or private purposes without just compensation.

APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS—EXCEPTIONS. Error cannot be predicated on improper testimony, admitted without
objection or exceptions to instructions given or refused.

EMINENT DOMAIN—DAMAGES RECOVERABLE. Damages to abutting
property by reason of the construction of a steam railroad in a city
street must be confined to such physical injury as will depreciate its
value at the time of the taking; danger from fire being only an element in so far as it depreciates value.

SAME—ACTION FOR DAMAGES—DEFENSES—PERSONS LIABLE. In a
common law action for damages to abutting property by the construction of a steam railroad in a city street, tried as a condemnation
case with a judgment in that form, the damages being the same as in
a condemnation suit which defendant should have commenced before
the unlawful entry, the defense cannot be made that the injury was
committed by the defendant as a construction company which built
the road and has since transferred it; since defendant was a trespasser.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered April 23, 1912, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action for damages to real property.   Affirmed.

*Bridges & Bruener (Bogle, Graves, Merritt & Bogle,* of
counsel), for appellant.

*A. M. Abel* and *W. H. Abel,* for respondents.

CHADWICK, J.—The main question in this case is whether
the building and operation of a steam railroad along a city

[1]Reported in 127 Pac. 1113.

street is such an additional burden to the highway as to entitle an abutting owner to recover damages under art. 1, § 16, of the state constitution, providing that "no private property shall be taken or damaged for public or private use without just compensation having been first made or paid into court for the owner." The railroad was built under and in conformity with a franchise, regularly granted by the town council of the town of Cosmopolis, and it is earnestly contended that the statutes (Rem. & Bal. Code, §§ 7507-sub. 9, 7510, 7612-sub. 40, 7685-sub. 13, 7731-sub. 13), having given authority to a municipality to grant franchises for railroads and street railways, no damages can be claimed by an owner of abutting property whatever the character of the burden may be.

The law seems to be well settled that no damages can be claimed by an abutting owner for or on account of the location of a street railway, when constructed in the usual way, and appellant contends that it must follow that none can result because of the location of a steam railroad, for the difference in the damage, if any, is in degree and not in kind.

Appellant insists that this court has never held that damages could be claimed on account of a steam railroad, while respondent contends with equal zeal that the question has been foreclosed by a long line of decisions, citing: *Hatch v. Tacoma, Olympia & Grays Harbor R. Co.*, 6 Wash. 1, 32 Pac. 1063; *Kaufman v. Tacoma, Olympia & Grays Harbor R. Co.*, 11 Wash. 632, 40 Pac. 137; *Patton v. Olympia Door & Lumber Co.*, 15 Wash. 210, 46 Pac. 237; *Schwede v. Hemrich Bros. Brewing Co.*, 29 Wash. 21, 69 Pac. 362; *Smith v. St. Paul, M. & M. R. Co.*, 39 Wash. 355, 81 Pac. 840, 109 Am. St. 889, 70 L. R. A. 1018; *Lund v. Idaho & Washington N. R.*, 50 Wash. 574, 97 Pac. 665, 126 Am. St. 916.

Appellant admits the authority of the earlier cases, *Hatch v. Tacoma, Olympia & G. H. R. Co.*, *Kaufman v. Tacoma*,

*Olympia & G. H. R. Co.*, and *Patton v. Olympia Door & Lumber Co.*, but undertakes to show that they were made to depend upon a charter provision of the city of Olympia, which provided that no railroad track should be laid in a street until the damages to abutting property had been ascertained and paid. While it is true that there was such a charter provision, it is likewise true that the charter provision was but declaratory of the constitutional guarantee and the general rule of law. A careful review of the decisions of this court convinces us that, although it may be that the court has not in words so declared, it has nevertheless so far committed itself to the prevailing rule that it may be taken as settled in this state.

In *State ex rel. Ford v. Superior Court*, 67 Wash. 10, 120 Pac. 514, the relative burdens of a street railway and a steam railroad were noticed and defined. It is there said: "It is, of course, not questioned that street railways facilitate street travel, and that commercial railways are not designed or operated for that purpose." The reason sustaining the doctrine which denies a recovery where the added burden is a street railway is that a street railway is in aid of the ordinary uses of a street, while a steam road tends to hinder the public in such use, and because of the difference in methods of operation, the steam road adds inconvenience and damage to the use of abutting property.

We shall not review the many cases cited by appellant or the arguments which are made to depend thereon. The cases are divided, but the division is not so general as it might seem. Under a constitutional provision calling for compensation where property is taken or damaged and where the fee of the street is in the abutting owner, as it has been held in this state, the cases are practically unanimous. The subject is discussed and the cases are collected in: 1 Lewis, Eminent Domain (3d ed.), §§ 151-153; 15 Cyc. 670, 672; 1 Am. & Eng. Ency. Law (2d ed.), 227; 27 Am. & Eng. Ency. Law (2d ed.), 180.

Some point is made that improper testimony was admitted. If so, it was admitted without objection, and no exceptions were reserved by appellant to the instructions given or refused. However, the record shows that this is one of several cases of like nature, and it may not be out of place to say that a claimant cannot recover except for such physical injury to the property, present or continuing, as will depreciate its value at the time of the taking or damaging. A danger from fires because of the close proximity of the railroad is only an element of damage in so far as it depreciates value, and the court should so instruct the jury that there will be no danger of anticipating actual damage by fire. The reason is obvious. The company is bound to operate its trains without negligence, and is liable for its negligence and for its consequences at the time such negligence occurs. To allow any other rule would be to invite speculative damages.

The point is made that the injury, if any, was done by the Grays Harbor & Puget Sound Railway Company; that it was a building corporation and has since transferred the road to an operating corporation; that its liability, if any, is that of a trespasser, and that it cannot be held to the payment of damages resulting in consequence of operation. In this case plaintiffs did not seek injunction, but brought a common law action. The result is the same. The case was tried as a condemnation suit, and the judgment is in form a judgment of condemnation. Appellant's reasoning is plausible but not sound. Appellant was a trespasser, and has prepared the property for, if it has not actually put it to, a public use. If it had observed the requirements of the constitution and followed the statute, it would have been called on to meet the damages it now seeks to avoid; consequently, it is in no position to urge this defense.

"If the entry has been made without complying with the statute and preliminaries, it is wrongful, and the owner has his common law remedies for redress;" 2 Lewis, Eminent Domain

(3d ed.), §§ 872, 890; or may enjoin the trespass pending condemnation. *Lund v. Idaho & Washington N. R.*, 50 Wash. 574, 97 Pac. 665, 126 Am. St. 916. In other words, the remedy is commensurate with the wrong, and is measured as of the time the right is invaded. Aside from the proper elements of damages, a denial of ownership is about the only defense open to a trespasser. It is certain that a trespasser cannot justify a continuing trespass committed in violation of art. 1, § 16, of the constitution, by pleading title in his grantee. Mr. Lewis, in his valuable treatise on the law of Eminent Domain, does not doubt the right of the owner to recover against the original trespasser or condemner who has not paid the damages, his only doubt being whether its grantee would be subject to a personal remedy. Appellant could not discharge its obligation by a transfer of the property. The probable effect of the deed was to make its grantee likewise liable to respondent, since it has put the property to the intended uses. 2 Lewis, Eminent Domain (3d ed.), § 887.

The judgment of the lower court is affirmed.

Mount, C. J., Gose, Parker, and Crow, JJ., concur.