[No. 19120. Department Two. February 8, 1926.]

GREAT NORTHERN RAILWAY COMPANY et al., Appellants,
v. DEPARTMENT OF PUBLIC WORKS et al.,
Respondents.[1]

[1] CARRIERS (4)—CERTIFICATES OF PUBLIC NECESSITY—HEARING BE-
FORE DEPARTMENT OF PUBLIC WORKS. In proceedings before the
department of public works for a certificate of public necessity
and convenience for auto freight service, the objection that the
testimony was taken before an examiner does not go to the
jurisdiction of either the department or of the superior court on
reviewing the order, and is waived where no objection was made
at the time the evidence was considered, either by the depart-
ment or the superior court.
MACKINTOSH and HOLCOMB, JJ., dissent in part.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered September 15,
1924, affirming, on certiorari, findings of the depart-
ment of public works, granting a certificate of necessity
and convenience for auto freight service after a con-
test and trial on the merits.   Affirmed.

*Thomas Balmer, A. J. Clynch, Geo. T. Reid, L. B.
da Ponte, A. C. Spencer,* and *W. A. Robbins,* for ap-
pellants.

*The Attorney General* and *H. C. Brodie, Assistant
(Cleland & Clifford,* of counsel), for respondent.

MITCHELL, J.—C. J. Orphan, as owner of certificate
of public convenience and necessity No. 267 authoriz-
ing the furnishing of freight service by means of mo-
tor propelled vehicles between Chehalis, Toledo and
Winlock, made application to the department of public
works for an extension of service under the certificate
from Toledo to Kelso, via Castle Rock.   The granting
of the application was objected to by the Great North-

ern Railway Company, the Northern Pacific Railway Company, the Oregon-Washington Railroad and Navigation Company and the American Railway Express Company, all of whom filed written answers and protests.

At a time and place, of which written notice was given, all the parties appeared at a hearing before a special examiner designated by the department of public works and submitted testimony for and against the application, that was taken by a reporter in attendance for that purpose. Thereafter, upon consideration of the matter, the department of public works entered findings of public convenience and necessity, together with its order that "certificate of convenience and necessity No. 267, standing in the name of C. J. Orphan, be and the same is hereby amended to authorize, in addition to the service now authorized by said certificate, freight service by means of motor propelled vehicles between Toledo and Kelso."

Upon proceedings by writ of review, at the instance of the protesting transportation companies, the superior court of Thurston county affirmed the findings and order of the department. From the judgment of the superior court this appeal has been taken.

[1] The first contention on behalf of the appellants is that, at the time and place fixed for the hearing and taking of testimony, neither the director nor any other member of the department of public works was in attendance, that the special examiner who conducted the hearing was without power in the premises, and that, there being nothing more in the nature of testimony in support of the application, the order made by the department is void. In reply to the argument on behalf of the respondents, that no objection was raised either at the time the testimony was taken before the special

examiner, at the subsequent consideration of the matter before the department, or in the superior court, it is submitted on behalf of the appellants that it is a question of jurisdiction, which, under § 263, Rem. Comp. Stat., can be raised in this court for the first time.

If it be assumed, as the appellants argue, that the examiner had no power to conduct or preside at the taking of evidence, such irregularity does not go to the jurisdiction of the department of public works, in the sense contended for by the appellants. The application for an extension of service under certificate No. 267 was made and filed with the department. The testimony given before the examiner, taken down by a reporter, was reported back to the department, before which the interested parties were heard upon that record without any objection as to the manner of taking testimony. It was the department, and not the examiner, that decided the matter. It made and entered the findings and order complained of. It was upon that same record, when it reached the superior court, that, without any objection as to the form or manner of taking the testimony, the respective parties were heard concerning the findings and order under review.

The thing complained of—that is, the taking of testimony by an examiner rather than by a member of the department—if we assume the examiner had no power, does not go to the jurisdiction of either the department of public works or the superior court, but it is simply a case of admitting evidence, claimed by appellants to have been improperly taken, upon which the cause was decided, which cannot be reviewed, because, at the time it was taken or was considered by either the department of public works or the superior court, there was no objection to it nor any motion to strike it out.

*Keil v. Grays Harbor & Puget Sound R. Co.,* 71 Wash. 163, 127 Pac. 1113.

Other assignments present the question of the sufficiency of the evidence to sustain the findings and order of the department and the judgment of the superior court. Upon an examination and consideration of the record in this respect, we are satisfied they were right.

The judgment is affirmed.

TOLMAN, C. J., MAIN, FULLERTON, and PARKER, JJ., concur.

MACKINTOSH, J. (dissenting)—In dissenting, it is not necessary to be more explicit on the point than is the main opinion, and will merely record that my review of testimony thoroughly convinces me that nothing was produced establishing public convenience and necessity warranting the granting of the extension of the certificate.

HOLCOMB, J., concurs with MACKINTOSH, J.