# Frederick Rabbermann v. S. R. Callaway, Receiver of the Toledo, St. Louis & Kansas City Railroad Company.

1. Negligence—*When Contributory is Not a Defense.*—If contributory negligence does not tend to cause an injury, it is no defense to an action for the same.

2. Railroads—*Damage by Fire—Trees Extending over the Right of Way.*—A railroad company has no legal right to set fire to combustible material upon its right of way and by so doing burn the limbs of trees standing upon the lands of the adjoining owner, but extending over the right of way.

3. Instructions—*Must be Based upon Evidence.*—An instruction supported by no evidence in the case, is erroneous.

Trespass on the Case.—Damage by fire, etc. Appeal from the County Court of Madison County; the Hon. William R. Early, Judge, presiding. Heard in this court at the August term, 1895. Reversed and remanded. Opinion filed March 7, 1896.

Hadley & Burton, attorneys for appellant.

The tree injured by the fire on the right of way was part of the realty belonging to appellant; the body of the tree

was wholly on his land; it was there before the railroad was built, and appellant was entitled to the fruit which it bore, even on the branches which overhung the right of way. Appellee had the right to clip off the limbs which extended over the right of way, but is liable for the injury done by fire. 26 Am. & Eng. En. of Law, Vol. 558; Tiedeman on Real Property, Sec. 9, Trees.

BAYLES, GUENTBER & CLARK, attorneys for appellee; CLARENCE BROWN, counsel.

Appellant correctly states the principle that the appellee had the right to abate the nuisance of branches overhanging the right of way by clipping them, but in no instance do the authorities cited intimate, in any way, that a land owner would be liable for injury done to overhanging branches by fire.

Land embraces not only the surface of the earth and everything that grows upon it, or is in law permanently attached to it, but everything that lies beneath it or is included in the space above it. Metals within their native beds, the atmosphere that rests above the surface, are land. The owner is said to own from the center of the earth to the highest heavens; and no other person can lawfully, without his consent, appropriate any portion of the space above the surface, or of the minerals below it. Robinson's Elementary Law, Sec. 44.

Blackstone, in his Commentaries, says that "land hath an indefinite extent upwards as well as downwards; therefore no man may erect any building or the like to overhang another's land;" so that the word "land" includes not only the face of the earth but everything under it or over it.

This principle has become a maxim of the law. *Cujus est solum, ejus est usque ad coelum.*

Trees whose branches extend over the land of another are not nuisances, except to the extent to which the branches overhang the adjoining land. To that extent they are technical nuisances, and the person over whose land they extend may cut them off, or have his action for damages, if

any have been sustained therefrom, and an abatement of the nuisance against the owner or occupant of the land on which they grow; but he may not cut down the tree, neither can he cut the branches thereof beyond the extent to which they overhang his soil. Wood's Law of Nuisances, Sec. 108; Grandona v. Lovdal, 70 Cal. 161, 11 Pac. Rep. 623.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This suit was brought before a justice of the peace by appellant to recover damages for killing of two hogs and for damage by fire to an apple tree growing on his land. The trial before the justice resulted in a judgment for appellant, and appellee took an appeal to the County Court, where there was a verdict and judgment for defendant, to reverse which plaintiff took this appeal.

The 11th instruction given for defendant was erroneous and misleading. By it the jury were told that if the animal in question entered upon defendant's right of way because of the defective condition of the fence, and was killed, the plaintiff could not recover, "if it further appears the plaintiff was guilty of contributory negligence, as compared with the negligence of the defendant." If the contributory negligence did not tend to cause the injury, it would not relieve the defendant from liability, and this instruction does not in any way connect the contributory negligence with causing the injury.

The 13th instruction for defendant was erroneous in informing the jury the plaintiff could not recover damages to the tree of plaintiff, if the sparks from defendant's engine set fire to the grass, weeds and other dangerous combustible material on the right of way, and that such fire burned and scorched the limbs of said trees so extending over the right of way. Such is not the law.

The 14th of defendant's instructions informed the jury, if it appears from the evidence that the trees in question were planted by plaintiff or his predecessors in title, on or near the line of the right of way, after such right of way

Rabbermann v. Callaway.

had been acquired by defendant, or its predecessors in title, then the plaintiff and his predecessors will be presumed to have assumed all the risks of damage by fire caused by a proper operation of the company's railroad, and if the damages to the trees in this case were so caused, the plaintiff can not recover. There was no evidence that the damage to trees was caused by proper operation of defendant's railroad, and hence no evidence appears upon which to base this instruction.

The 15th instruction given for defendant informs the jury of the duty of railroad companies to keep their right of way free and clear from all dead grass, dry weeds, and other dangerous and combustible material, and then says if it appears from the evidence that defendant, for the purpose of complying with this requirement of the law, set fire to dead grass, dry weeds, and other dangerous and combustible material on its right of way, then plaintiff could not recover for damage to his trees caused by fire so set. This instruction, like the 14th, was not supported by any evidence tending to show the fire was set by defendant for any such purpose as therein stated, and it was error to give it.

The 16th instruction is also erroneous in instructing the jury that plaintiff is not entitled to recover any damage for injury to the apple trees caused by fire escaping from the engines of defendant, and setting on fire the combustible material on the right of way, or caused by the defendant burning off such combustible material, if such fire, without negligence of defendant, burned and scorched the said trees and limbs thereof hanging over the right of way of the defendant. If the tree of plaintiff was damaged by firing of combustible material on the right of way, caused by fire escaping from defendant's engine, plaintiff would have the right to recover for such damage so caused. The fact that the same fire may have scorched the tree and limbs thereof, hanging over the right of way, would not absolve defendant from liability for its negligence so causing the fire and damage. For the error in giving the said instructions, the judgment is reversed and cause remanded.