### Frederick Rabbermann v. R. B. F. Pierce, Receiver, Successor of S. R. Callaway, Receiver of Toledo, St. L. & K. C. R. R. Co.

1. ATTORNEYS—*Improper Conduct.*—In arguing a case before a jury an attorney said: "I know, gentlemen of the jury, that the plaintiff has no right to a verdict in this case. I state that Mr. Burton's client has no case." *Held*, such affirmations on the part of counsel should be avoided. They are not witnesses and should not assume that character; but these affirmations do not amount to reversible error in this case.

2. SAME—*Fees in Actions Against Railroad Companies.*—A party litigant is entitled to attorney fees only when a judgment for damages is recovered by him against a railroad company for killing stock.

3. EVIDENCE—*In Rebuttal, Largely Discretionary.*—The admission of evidence in rebuttal is largely discretionary with the court.

4. RAILROADS—*Killing Stock—Defective Fences.*—Where a fence was constructed for a railroad company, as a fence of the kind required by law, by a party suing, and through its faulty construction his stock gets upon the track through it and is killed, he ought not to recover damages caused by his own negligence or his own acts.

**Action for Killing Stock.**—Trial in the County Court of Madison County; the Hon. WILLIAM P. EARLY, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the February term, 1898. Affirmed. Opinion filed August 31, 1898.

HADLEY & BURTON, attorneys for appellant.

CHARLES A. SCHMETTAU, attorney for appellee; CLARENCE BROWN, of counsel.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This case was commenced before a justice of the peace, where appellant obtained a judgment for $37. Upon appeal to the County Court judgment was given for appellee. The case was then appealed to this court, where the judgment was reversed and the case remanded. 63 Ill. App. 154.

Upon a retrial in the County Court judgment was again given for appellee. It comes again before this court upon the usual assignment of error as to evidence and instructions, and an additional assignment that "counsel for appellee in his argument to the jury used improper language, and the court erred in failing to control counsel when requested to do so." The language referred to is as follows: "I know, gentlemen of the jury, that the plaintiff has no right to a verdict in this case. I state that Mr. Burton's client has no case."

Such affirmations on the part of counsel should be avoided. They are not witnesses and should not assume that character; but we do not think that in this case these affirmations amount to reversible error.

The suit is to recover from the railroad company for killing a hog valued at $7, and a shoat valued at $5; also for scorching the limbs of two apple trees overhanging appellee's right of way, and thereby injuring the trees. The amount involved is small and the litigation has been protracted and ought to end, unless there are substantial reasons for reversing the case. Two juries in the County Court have found for appellee. We can not say from the evidence in the case that their finding is wrong.

It is insisted that there is error in refusing testimony as to appellant's attorney fees in the Appellate Court at the previous trial. We think not. Appellant is only entitled to attorney fees when a judgment for damages is recovered

by him against the railroad company for killing stock. His judgment for costs upon reversal in this court was not a judgment for damages against the company for killing stock. That question was still left to be litigated.

It is insisted that the court erred in rejecting testimony offered in rebuttal in reference to the cutting off some dead limbs of the apple trees. The admission of evidence in rebuttal is largely discretionary with the court and we find no abuse of that discretion. All the instructions asked by appellant were given. They presented the law of the case as favorably for him as he was entitled to ask. Some of appellee's instructions are open to criticism, but they do not show substantial error when all in the case are considered together. The first instruction for appellee tells the jury that if the right of way was properly fenced, as required by law, along plaintiff's land, that he could recover no attorney fee. As there was no damages allowed by the jury there could be no attorney fee allowed. This instruction, if faulty, could not, then, have injured appellant. There is no error in the third instruction.

The fourth might be clearer, but it is not bad for the reason assigned by appellant. A *prima facie* case against a railroad company for killing stock on its right of way is not made by showing only that stock was there killed. If it is shown that stock was killed and that the fence was not such as is required by law, then a *prima facie* case is made. R. R. I. & St. L. R. R. Co. v. Lynch, 67 Ill. 149.

The seventh instruction refers to the original construction of the fence, and if it appears from the evidence that it was constructed by appellant for the railroad company, as a fence of the kind required by law, and through its faulty construction his stock got through it and was killed, he ought not to recover for damages caused by his own negligence or his own acts.

There is no error in the ninth instruction.

The question of damages to appellant's trees was fairly presented to the jury and found against appellant.

Upon a review of the whole case we think that the judgment should be affirmed, and it is affirmed.